## SIRES v. MOSELEY.

1. LANDLORD—TRESPASSER—EJECTMENT OF.—NOTICE TO QUIT premises served by magistrate at instance of landlord, containing also a rule to show cause, may be treated as a notice to quit, and the rule to show cause as surplusage; and if thereby trespasser is given more time to quit than provided by statute, he cannot complain.

2. IBID.—IBID.—IBID.—IBID.—UNDER REV. STATUTES, SEC. 2432, MAGISTRATE is not required to serve notice on trespasser to quit within five days, but to serve notice to quit, and if after expiration of five days he refuses to quit, he shall then issue his warrant to a sheriff or constable, requiring him to forthwith eject such trespasser.

3. IBID.—MAGISTRATE—JURISDICTION.—Affidavit of landlord, stating land to be situated in a certain county and in possession of a trespasser, is sufficient description to give magistrate of that county jurisdiction to serve notice on such trespasser to quit.

Before BUCHANAN, J., Dorchester, November, 1900. Affirmed.

Proceeding before magistrate by O. C. Sires to eject Norman Moseley from his land as trespasser. From order of ejectment, defendant appeals. From Circuit order confirming this, defendant appeals to this Court.

*Messrs. Legare & Holman* and *T. R. Tighe,* for appellant. The former cite: Rev. Stats., 2432 to 2434; 43 S. C., 173.

*Mr. Samar H. Stanland,* contra.    Oral argument.

June 4, 1901.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This proceeding was commenced by affidavit, which was as follows: "Personally appeared before me, Jennings W. Perry, Esq., magistrate in and for said county, in the said State, O. C. Sires, who being duly sworn says: That Norman Moseley has gone into possession of certain lands and tenements of him, the said O. C. Sires, situate in the county and State aforesaid, without his consent and without authority or warrant of law, and refuses to yield possession of the same.    Sworn to before me, this 3d day of April, 1899.    O. C. Sires.    Jennings W. Perry, Magistrate."

Whereupon the magistrate issued the following notice: "Whereas, O. C. Sires has, this 3d day of April, A. D. 1899, made oath before me that you are in possession of tenements of him, the said O. C. Sires, without warrant or authority of law, and that you refuse to yield possession of same.    You are hereby required to show cause before me, at my office at Summerville, S. C., on the 10th day of April, A. D. 1899, at 10 o'clock A. M., why you should not be ejected from the premises aforesaid.    Witness my hand and seal, this 3d day of April, A. D. 1899.    Jennings W. Perry, (seal) Magistrate."

The record contains the following, in which the magistrate states the proceedings before him, to wit: "This case having been called for a hearing, defendant made a motion to dismiss the proceedings on the ground that the magistrate had

no jurisdiction, as the proceedings were issued contrary to the provisions of the act of 1883, and upon the further ground that no notice was served upon defendant to quit within five days, as herein prescribed, and upon the further ground that no lands or tenements are described in the affidavit. The above objections are overruled, and the case ordered on for a hearing, and the plaintiff then was sworn and offered deed in evidence; to this the defendant objected to the introduction of deed upon ground that the execution of same was not proven. And the magistrate rules that plaintiff is not required to introduce any evidence of his ownership of land. Jennings W. Perry, magistrate. Magistrate decides as follows, to wit: That defendant having failed to satisfy him that he has a *bona fide* color of claim to said premises, and to enter into bond as required by sec. 2432, Revised Statutes of 1893, that after the expiration of five days, he will issue his warrant of ejectment, unless he be restrained. J. W. Perry, Magistrate. April 13, 1899. Samar H. Stanland."

The defendant gave notice of appeal, and his Honor, Judge Benet, granted an order enjoining the magistrate in the meantime from issuing his warrant of ejectment. The defendant appealed to the Circuit Court from the decision of the magistrate. The appeal was dismissed, and he appealed to this Court upon exceptions which it will not be necessary to consider in detail.

The first objection which the appellant interposed to the jurisdiction of the magistrate was that the proceedings herein were issued contrary to the provisions of the act of 1883. The first exception specifies that the rule to show cause issued by the magistrate was contrary to the provisions of said act, in that it makes no provision for a rule to show cause, but requires that a notice to quit should be served in such cases. Sec. 1 of the said act (incorporated in the Rev. Stat. as sec. 2432) is as follows: I. "If any person shall have gone into, or shall hereafter go into, possession of any lands or tenements of another with-

out his consent, or without warrant of law, it shall be lawful for the owner of the land trespassed upon to apply to any trial justice to serve a notice on such trespasser to quit the premises; and if after the expiration of five days from the personal service of such notice, such trespasser refuses or neglects to quit, it shall then be the duty of such trial justice to issue his warrant to any sheriff or constable, requiring him forthwith to eject such trespasser, using such force as may be necessary: *Provided, however,* That if the person in possession shall before the expiration of the said five days appear before such trial justice and satisfy him that he has a *bona fide* color of claim to the possession of such premises, and enter into a bond to the person claiming the land, with good and sufficient security to be approved by the trial justice, conditioned for the payment of all such costs and expenses as the person claiming to be the owner of the land may incur in the successful establishment of his claim by any of the modes of proceeding now provided by law, the said trial justice shall not issue his warrant as aforesaid." The only notice which the statute requires shall be served upon the defendant is to quit the premises; and while the notice herein contains other requirements, it may, nevertheless, be regarded as a notice to quit the premises, and the requirement to show cause as therein stated may be regarded as surplusage. The mention of the time in the notice when the defendant was required to show cause did not deprive him of the right which he had under the statute to appear before the magistrate during the five days therein mentioned. Furthermore, as the statute provides that if after the expiration of five days from the personal service of such notice, such trespasser refuses or neglects to quit, it shall then be the duty of such magistrate to issue his warrant to any sheriff or constable, requiring him forthwith to eject such trespasser, unless the person in possession shall before the expiration of said five days appear before such magistrate and satisfy him that he has a *bona fide* color of claim to the possession of such premises, we fail to see wherein the defendant was pre-

judiced by extending to him further time than he was entitled to, under the statute. This ground is overruled.

The second ground of objection to the jurisdiction of the magistrate was that no notice was served upon defendant to quit within five days, as therein prescribed. By reference to the act, it will be seen that it does not require notice to be served on the defendant to quit within five days. It simply provides that a notice be served on the defendant "to quit the premises, and if after the expiration of five days from the personal service of such notice such trespasser refuses or neglects to quit, it shall then be the duty of such trial justice to issue his warrant to any sheriff or constable, requiring him forthwith to eject such trespasser." The *proviso* to said act authorizes the defendant to appear before the magistrate within five days for the purpose therein mentioned, but, as hereinbefore stated, there is no requirement that a notice be served on the defendant to quit *within five days.* This objection to the jurisdiction of the magistrate is likewise overruled.

The last ground of objection to the jurisdiction of the magistrate was, that no lands or tenements are described in the affidavit. The affidavit shows that the land is situate in the county of which Jennings W. Perry is a magistrate, and that the land was in the possession of the defendant. Even if this description was not as particular as it should have been, it was not such a failure to comply with the statutory requirements, as to deprive the magistrate of jurisdiction in the premises. This objection is also overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.