## LEE v. CHAPLIN.

1. TRESPASSER—RULE.—A NOTICE TO QUIT in form of rule to show cause by what right a party in possession of lands claims possession thereof and why he should not be ejected therefrom as trespasser, gives magistrate jurisdiction in proceeding to eject trespasser, under sec. 2972, Code, 1902.

2. IBID.—JURISDICTION.—Where a trespasser on lands appears and objects to jurisdiction of magistrate of his person on ground that he has not been served with notice to quit, and this objection being overruled, files return to rule or notice, the Court thereby requires jurisdiction of his person.

3. IBID.—FINDING by magistrate and Circuit Judge that claim of right of possession in proceeding to eject trespasser is not sufficient, sustained.

Before PURDY, J., Lee, April 12, 1904. Affirmed.

Proceedings in magistrate court by A. M. Lee to eject as trespassers Caleb B. Chaplin, Patsy Chaplin, and Curtis

36—70

Fields. From Circuit order sustaining judgment of magistrate, defendants appeal on following exceptions:

"I. Because, it is respectfully submitted, his Honor should have held, as contended by defendants on the appeal from the magistrate, that the magistrate was without jurisdiction; and he erred in not so holding.

"First. Because the notice or order to show cause was never served upon the defendant, Patsy Chaplin, and yet, by the judgment of the magistrate, she was ordered to be ejected from the premises.

"Second. Because the said notice or order to show cause served upon the other defendants utterly failed to conform to the requirements of sec. 2972 of the Code of Laws of 1902, in that the said notice or order to show cause required the defendants to show cause before the magistrate by what right they claimed possession of the premises, and why they should not be ejected therefrom, instead of a notice to quit the premises, as required and provided by the said act, the same being the only act in this State providing for the summary ejectment of trespassers.

"Third. Because the said notice or order to show cause failed to conform to the requirement of any other act or acts in this State providing for the summary ejectment of persons in the possession of real estate, in that the said paper and the affidavit attached to it declared that defendants had gone into plaintiff's lands without warrant or authority of law and without his consent, and the defendants were not advised from the said paper and affidavit thereto annexed upon what statute the said proceeding was based.

"Fourth. Because the said notice or order to show cause and the affidavit attached utterly failed to state a case falling under the terms and provisions of any act in this State providing for the summary ejectment of persons in possession of real estate, which it was necessary that said paper should do in order to give the magistrate jurisdiction.

"II. Because, if said proceeding was based upon sec. 2972 of the Code of Laws of 1902, it is respectfully submitted that his Honor should have held that defendants had shown *bona fide* color of claim to the possession of the said premises, and stood ready to enter into bond as required by law, and he erred in not so holding and reversing the judgment of the magistrate accordingly.

"III. Because his Honor should have held that defendants were not only in possession of said land under a *bona fide* color of claim to the possession thereof, but were also claiming title in themselves, and he erred in not so holding and reversing the judgment of the magistrate accordingly."

*Messrs. Woods & MacFarlan,* for appellants, cite: *Rule to show cause is not properly served by leaving with another:* Code 1902, 2972; 24 S. C., 510. *Showing of defendants present strong color of title:* 42 S. C., 146; 1 Green. on Ev., 15 ed., secs. 523, 535, 536; 3 Ency., 1 ed., 314; 1 Ency., 1 ed., 283; 7 Cyc., 400.

*Messrs. Spears & Dennis,* contra, cite: *Defendant waived objection to jurisdiction of person by answering:* 46 S. C., 11. *Paper served is sufficient under statute:* 60 S. C., 508. *The showing of defendants is not sufficient to set up color of title:* 24 Ency., 2 ed., 160-188; 15 Ency., 309, 301; 1 Ency. P. & P., 962; 24 Ency., 2 ed., 58; 14 S. C., 89; 39 S. C., 77; 7 Rich., 509; 22 S. C., 336; 23 Ency., 2 ed., 511, 496, 477; 14 Ency., 2 ed., 1045.

March 6, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff, under proceedings instituted in the magistrate court of J. P. Mosingo, sr., as magistrate, under sec. 2972, sought to eject as trespassers upon his lands, to wit: that tract of land in Lee County, containing 199 acres, more or less, within certain boundaries, the defendants-appellants, Caleb Chaplin, Patsy Chaplin and

Curtis Fields. The following notice was served upon the defendants:

"TAKE NOTICE.—Whereas, A. M. Lee has on this first day of January, A. D. 1904, made oath before me that you are in possession of lands and tenements of his, the said A. M. Lee, situated in the aforesaid county and State, and described in the affidavit hereto attached, without warrant or authority of law, and that you refuse to yield possession of the same. You are hereby required to show cause before me, if you can, at my office at Stokes' Bridge, S. C., on the 7th day of January, 1904, at 12 M., by what right you claim possession of the premises, and why you should not be ejected from the said premises; and unless you shall appear before me on or before or by the time herein fixed and show sufficient cause why you should not be ejected, I shall issue my warrant requiring the sheriff or my constable to forthwith eject you from said premises.

"Given under my hand and seal, this the first day of January, A. D. 1904.

                    "J. P. MOSINGO, SR., (L. S.) Magistrate."

Attached to this notice was an affidavit of A. M. Lee, which sets forth the action of the defendants hereinbefore complained of, and established that they had gone into possession of lands and tenements of his, the said A. M. Lee, containing 199 acres, more or less, with a further description of the boundaries of the said lands; that such entry of the defendants was without his consent and without warrant or authority of law, and that they refused to quit the premises or yield possession of the same to this deponent.

At the time fixed for the hearing, to wit: the 7th day of January, 1904, the defendants appeared in the said magistrate court for the sole purpose, at first, of objecting to the jurisdiction of the Court, to wit:

"I. Because the said notice had never been served upon the defendant, Patsy Chaplin, and, hence, said magistrate had acquired no jurisdiction of her person.

"II. Because the said notice utterly failed to conform to the requirements of sec. 2972 of the Code of Laws of 1902 of this State, in that the said notice required the defendants to show cause before the magistrate by what right they claim possession of the premises in question, instead of a notice to quit the premises, as required and provided by said act, the same being the only act in this State providing for the summary ejectment of trespassers; and because the said notice failed to conform to the requirements of any other act or acts in this State providing for the summary ejectment of persons in the possession of real estate, in that the said notice and the affidavit attached to it declared that defendants had gone on plaintiff's lands without warrant or authority of law and without his consent, and the defendants were not advised from an inspection of the said notice and the affidavit annexed upon what act the said proceeding was based.

"III. Because it was necessary that said notice or affidavit, or both, should state a case falling under the terms and provisions of one of the acts of this State providing for the summary ejectment of persons in possession of real estate, which both this notice and the affidavit, separately and jointly considered, failed to do."

These grounds were overruled by the magistrate, and his decision was supported by the Circuit Judge. These matters were made matters of appeal. In these conclusions we agree with both the magistrate and the Circuit Judge. The case of *Sires* v. *Moseley,* 60 S. C., page 504, 39 S. E., 7, is authority for holding that the notice and affidavit were sufficient in form and substance to give the magistrate jurisdiction. Sec. 2972 of our Code of 1902 reads as follows:

"Sec. 2972. If any person shall have gone into or shall hereafter go into possession of any lands or tenements of another without his consent or without warrant of law, it shall be lawful for the owner of the land so trespassed upon to apply to any magistrate to serve a notice on such tres-

passer to quit the premisès; and if after the expiration of five days from the personal service of such notice, such trespasser refuses or neglects to quit, it shall then be the duty of such magistrate to issue his warrant to any sheriff or constable, requiring him to forthwith eject such trespasser, using such force as may be necessary: *Provided, however,* That if the person in possession shall, before the expiration of the said five days, appear before such magistrate and satisfy him that he has a *bona fide* color of claim to the possession of such premises, and enter into bond to the person claiming the land, with good and sufficient security, to be approved by the magistrate, conditioned for the payment of all costs and expenses as the person claiming to be the owner of the land may incur in the successful establishment of his claim by any of the modes of proceeding now provided by law, the said magistrate shall not issue his warrant as aforesaid."

But the proposition that Mrs. Patsy Chaplin was not served with the same and thereby the jurisdiction of the magistrate over her was never obtained, cannot be sustained, because she answered to the merits.

We have thus disposed of all questions as to the jurisdiction of the magistrate, but the more serious question remains to be disposed of—as to whether the magistrate's decision is correct, when he held that the defendants did not show that they had a *bona fide* color of claim to the possession of the premises, in that they did not produce any deed therefor, nor did they show that they had any authority to represent the children of Martha G. Plummer. A brief recital of the facts, as well as the law bearing upon the same, may be here given.

The plaintiff, at the hearing before the magistrate, introduced the possession of Martha G. Plummer of the premises from the year 1850 to the time or times at which she made deeds of conveyance to the premises. She granted to Manuel Marco seventy-four acres of land on December 13, 1880, and then she granted by deed, dated September 15, 1883, 125

acres of land to L. S. Pate & Co. L. S. Pate granted to his partner, Manuel Marco, his half interest in the 125 acres, on the 14th day of January, 1884, and Manuel Marco, by his deed, granted to the plaintiff, A. M. Lee, the 199 acres on January 30, 1891, and the said A. M. Lee had been in the exclusive and notorious possession of the said 199 acres from January, 1891, to January, 1904, a period of nearly thirteen years, except as affected with the alleged tortuous entry of these defendants.

When the defendants came to an exhibition of their color of claim to the possession they could not show any paper title to any one of them or the persons they claimed to represent, but claimed that in 1850, one Thomas Atkinson placed his daughter, Martha G. Plummer, in possession of the 199 acres, under an arrangement, as they contended, that Thomas Atkinson made a deed to a trustee of the 199 acres, to hold the same for the said Martha G. Plummer for and during her natural life, and at her death to her children. The defendant, Patsy Chaplin, was one of those children; the other defendants were not. This alleged deed to the trustee was not produced, nor was there any proof that a search had been made for the same, or that the same had any existence. Now, the question has come up as to the effect of such testimony. It should have been stated, however, in logical order, that in a proceeding in the Court of Equity of Darlington County, in this State, by some certain creditors of Thomas Atkinson, a bill was filed to subject said lands and certain negroes to the payment of the debts of Thomas Atkinson, upon the ground that his disposition of said lands was a fraud upon his creditors. The answers of Thomas Atkinson and Mrs. Martha G. Plummer denied all fraud, but admitted that the possession of said lands from 1850 were in Mrs. Plummer, and claimed that a deed therefor had been made by the said Thomas Atkinson to a trustee for the benefit of Mrs. Martha G. Plummer, a married woman, during her natural life, and at her death the same to vest in her children.

The magistrate and Circuit Judge both held that this showing did not establish that a color of title was devolved thereby upon the defendants, Caleb Chaplin and Curtis Fields, because they were not children of Mrs. Martha G. Plummer, and that Mrs. Patsy Chaplin, having been adjudged not to be in possession of these lands, now, or at the time of the beginning of this proceeding, could not claim any benefit therefrom. We have deemed it, upon reflection, better, or the safest course for us to pursue, having a due regard to the right of persons not now in Court, to be careful not to pass upon the rights of the children of Mrs. Martha G. Plummer, or their children. So far as the testimony from the court of equity or other testimony may be concerned herein, we are obliged to sustain the holding of the Circuit Judge on this branch of the case, to wit: that the color of right of possession cannot be sustained. These last propositions cover the second and third grounds of appeal; the report of the case must contain all the grounds of appeal from the Circuit judgment.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.