ADRIAN VANDERVEER, Respondent, *v.* JOHN SUYDAM, Appellant.

*Option to broker for sale of land — broker's commission, when earned — not lost by laches of owner.*

When a person engages another as his broker to sell real estate for him, giving such broker an option to purchase himself or sell to another such real estate, and such broker procures a purchaser willing to buy the land upon the terms offered, and communicates that fact to the owner and arranges for a meeting between the owner and the proposed purchaser for the purpose of executing the contract of sale before the option expires, the broker has done all that he is required to do, and the owner cannot, by deferring the meeting with the proposed purchaser until after the date of the expiration of the option, defeat the right of the broker to recover his commissions for the sale of such property.

APPEAL by the defendant, John Suydam, from a judgment of the Supreme Court in favor of the plaintiff, bearing date the 6th day of April, 1894, and entered in the office of the clerk of the county of Kings, upon the verdict of a jury rendered after a trial at the

Kings County Circuit, and also from an order entered in said clerk's office on the 5th day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Josiah T. Marean,* for the appellant.

*Edward M. Grout,* for the respondent.

Brown, P. J. :

The complaint in this action alleges the employment of the plaintiff by the defendant to procure a purchaser of a farm in the town of Flatbush, Kings county, upon certain specific terms, and that plaintiff procured a purchaser in Mr. Cyrus E. Staples, who was ready and willing to purchase the farm on the terms designated.

The employment of the plaintiff was not denied by the answer, but it was alleged that the sale of the farm was to be made subject to a lease thereof for agricultural purposes, and with a reservation of the homestead so long as defendant's mother should live, and that plaintiff's employment expired on March 25, 1893. The answer denied that plaintiff procured a purchaser upon the terms aforesaid within the time limited.

Upon the issue thus made the parties went to trial, and the disputed questions relating to the terms of plaintiff's employment were settled in his favor by the verdict of the jury.

It appeared from the plaintiff's testimony that in February and the early part of March there had been some effort on his part, with the defendant's consent, to sell the property. Defendant was willing to sell, but would not name a price, and offers of $1,500 and $2,000 per acre had been made and refused. Finally defendant said he would sell for $2,500 per acre. Whereupon plaintiff told him that his customer would not come to an agreement unless the offer was put in writing. Defendant thereupon signed a paper, of which the following is a copy :

> " Office of Adrian Vanderveer,
> " Real Estate and Mortgage Loans,
> " Flatbush Avenue, cor. Linden Boulevard.
> " Flatbush, L. I., *March* 20, 1893.

" In consideration of the sum of one dollar ($1.00) to me paid, the receipt thereof I hereby acknowledge, I agree to sell to A. Van-

derveer, personally, or to whom he may introduce, the plot of land, known as the 'Cornelius Suydam Farm,' situate on the northwest corner of road leading from Flatbush to Flatlands Neck and Suydam's Lane, said farm containing about 50 acres, for the sum of twenty-five hundred (2,500) dollars per acre, and I agree to accept the following terms, subject to possession of the homestead on said land : Five thousand dollars in cash on signing agreement, forty per cent in cash on delivery of deed, on or before thirty days from date of agreement, and to accept a purchase-money mortgage of sixty per cent, bearing interest at the rate of five per cent per annum for the balance of the purchase price.

" This option to expire on Saturday, March 25, 1893, at twelve o'clock, noon.

" JOHN SUYDAM."

There was a motion to dismiss the complaint at the close of plaintiff's testimony upon the ground that a purchaser was not procured before the expiration of the option.

This motion was properly denied. The plaintiff and Staples both testified that he (Staples) was ready to take the property upon the terms offered. Staples testified that he agreed with plaintiff to take the property on March twentieth or twenty-first and to meet defendant at Mr. Lott's office and sign the contract, and the plaintiff testified that he communicated that fact to the defendant on the twenty-first of March and that defendant agreed to go on the following day to Mr. Lott's office and close the bargain.

If this testimony was true, and we must, in view of the verdict, assume it to be true, defendant could not, by deferring his meeting with Staples until after the date fixed in the option, defeat the plaintiff's recovery. By procuring a purchaser willing to buy the land upon the terms offered, and communicating that fact to defendant and arranging for a meeting to execute the contract before the option expired, plaintiff had done all that the contract required him to do and all that it was possible for him to do.

The defendant requested the court to charge the jury that " a reservation of the possession of the homestead without any limitation as to time in law is equivalent to a reservation of the title." This was refused, the court saying : " There is no provision reserv-

ing it in that way. * * * I decline to interpret that contract to the jury. I leave it to them, as matter of fact, to say what the arrangement was. The option is simply evidence to be considered by them in determining what the actual parol contract was between the parties."

There was no error in this ruling. The court had already, at defendant's request, charged that the option was not the contract between the parties, and there was no claim in the answer that the expression in that paper, "subject to possession of the homestead," was a reservation of the title to that part of the farm.

The claim was that it related to the occupation of the property by defendant's mother during her life.

It was of no importance to the case to determine what the precise legal effect of those words would have been in a deed or contract of sale of the land. The question at issue was what was the defendant's contract with the plaintiff. The option expressed the terms upon which a purchaser must take the land. The expression used in relation to the homestead was ambiguous, and it was competent to give evidence that would explain its meaning.

The evidence tended to show that defendant did not claim a reservation of title or of possession during even his mother's life. Staples testified that in his conversation with defendant it was not mentioned that the possession of the homestead should be reserved during the life of defendant's mother, but only for a designated time.

What the terms were, and what was intended by the use of the expression in question were, therefore, facts to be determined by the jury, and not a question of law for the court.

The judgment and order must be affirmed.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment and order affirmed, with costs.