# CHARLESTON.

## NOYES *v.* CAPERTON.

Submitted March 30, 1909.    Decided October 25, 1910.

1.  BROKERS—*Right to Commissions—Sale by Owner After Expiration of Contract.*

    An agent can not recover commissions on a sale made by the owner after the contract of agency has expired, unless the agency has been extended, and the agent has performed his part of the contract, or has been prevented from doing so by the fraudulent conduct of the principal.

2.  CONTRACTS—*Extension by Implication—Question of Fact.*

    If the extension of time in a written contract beyond its stated limitation, depends solely on implication deducible from the subsequent conduct of the contracting parties, the jury must determine whether it amounts to an implied agreement to extend it.

3.  BROKERS—*Right to Commissions.*

    Point 4 of Syllabus in *Parker* v. *Building & Loan Association,* 55 W. Va. 134, approved and applied.

Error to Circuit Court, Kanawha County.

Action by Bradford Noyes against Mary C. Caperton. Judgment for defendant and plaintiff brings error.

*Affirmed.*

*Joseph Ruffner,* for plaintiff in error.

*J. W. Kennedy* and *Morgan Owen* for defendant in error.

WILLIAMS, JUDGE:

This action is to recover commissions on the price of a house and lot in the City of Charleston, which plaintiff claims to have been instrumental in selling for defendant. Suit was first brought before a justice of the peace who rendered judgment for $142.50 in favor of plaintiff. Defendant appealed to the intermediate court of Kanawha county where the case was tried by a jury, and a verdict rendered for defendant. Plaintiff then petitioned the circuit court of Kanawha county for a writ of error which was denied. He then obtained a writ of error from this Court.

On August 21, 1907, defendant signed a written contract giving plaintiff the exclusive right to sell her house and lot at the price of $3,000, to be paid, one-third cash, and the balance in one and two years, and in the event of sale she was to pay a commission of five per centum; she also agreed to protect plaintiff "should he be instrumental in effecting a sale." This contract, by its terms, expired in thirty days from its date. Some time in the following October defendant sold the property to one Samuel Glover, at the price of $2,850. Plaintiff claims to have been instrumental in making this sale; and the suit is to recover commission on this sum.

It is proven that after the expiration of the written contract plaintiff took Samuel Glover to defendant's house and introduced him to her, and that she showed him through the house. Plaintiff told Glover, at that time, that he was offering to sell the property for $3,000.

Plaintiff's right to commissions depends wholly on two propositions: (1) whether, or not, there was an agreement, express or implied, to extend the time of the contract; and (2) in the event of such an extension of the time, then whether, or not, plaintiff performed his part of the contract, or was prevented from doing so by the conduct of defendant. These were questions for the jury, upon proper instructions by the court.

Plaintiff asked for ten instructions, all of which were refused except the last. It was given, and it correctly states the law of plaintiff's case. The effect of it is, that plaintiff is entitled to recover commissions if the jury believed that defendant still looked to plaintiff to make sale of her property after the expiration of the written contract, and if they further believe that plaintiff was the efficient cause of making sale to Glover. This instruction is certainly as favorable a presentation of the law as plaintiff was entitled to. There is no error in refusing the other nine instructions. There is no evidence whatever that defendant fraudulently prevented plaintiff from making sale himself to Glover; nor was there any evidence that Glover was willing to pay any more for the property than the price he actually paid, or that plaintiff did anything more towards effecting a sale than to take Glover to defendant's house and introduce him to her.

This case clearly falls within the principles announced by this Court in *Parker* v. *The National Mutual B. &L. Ass'n.,* 55 W.

Va. 134. The fourth point of the syllabus in that case reads as follows: "Under a special contract between an owner of real estate and an agent for the sale thereof, on commission at a price agreed upon, the agent can not recover his commission, without proving that he has actually made a sale at the price stipulated, unless it appear that his principal has wrongfully prevented the making of a sale at such price which would have been made but for his interference or has waived the strict performance of the contract."

Plaintiff states that he only saw defendant once after the contract expired, and that she then asked him "if (he) had made any disposition of her property," and that he told her he had not, but that he was working on it. Defendant says that the contract was never extended. The jury were the judges whether the facts proved established an implied agreement to extend the time. The court did not err in refusing to set aside the verdict, and the judgment, rendered by the intermediate court for Kanawha county on the 13th of June, 1908, will be affirmed.                                        *Affirmed.*