[No. 2395]

## JOHN G. RAMEZZANO, RESPONDENT, *v.* L. AVANSINO, APPELLANT.

[189 Pac. 681]

1. PLEADING — AMENDMENT RESTS IN SOUND DISCRETION OF COURT.
   An amendment at any stage of the proceeding rests in the sound discretion of the court, due regard having been given to surrounding circumstances of case occasioning necessity for amendment.

2. PLEADING—AMENDMENTS FAVORED.
   Amendments to pleadings are favored, and should be liberally allowed in furtherance of justice.

3. PLEADING — PERMISSION TO AMEND HELD NOT INJURIOUS TO DEFENDANT AS TAKING HIM BY SURPRISE.
   Action of trial court in permitting plaintiff to amend complaint did not injure defendant by taking him by surprise, where court gave defendant continuance for six days, and on such date again continued case for four more days, thus giving defendant ten days in which to plead to amended complaint and produce further testimony.

4. PLEADING—ALLOWANCE OF AMENDMENT WITHIN DISCRETION OF COURT, AND TERMS NEED NOT BE REQUIRED.
   Terms on which amendment will be allowed are in discretion of trial court, and in exercise of such discretion terms may not be required as condition of leave to amend.

5. BROKERS—TO EARN COMMISSION, MUST PRODUCE BUYER WITHIN SPECIFIED TIME UNLESS PREVENTED BY FRAUD OF PRINCIPAL.
   Before a broker can be said to have earned his commission, he must produce a buyer within time specified in terms of agency, if time is limited, ready, willing, and able to purchase at price designated by principal; but, if principal by fraud defeats broker's efforts, case does not come within such rule.

6. BROKERS — WHETHER PRICE WOULD HAVE BEEN ACCEPTED BY PURCHASER A JURY QUESTION.
   In action for commission on sale by broker who held option on property, question whether broker's price would have been accepted by purchasers whom he claimed to have procured, and who subsequently purchased direct from his principal, *held* for jury.

7. BROKERS—ENTITLED TO COMMISSION ON SALE MADE BY PRINCIPAL AT REDUCED PRICE.
   A broker who is the procuring cause of the sale is entitled to commission, though the final negotiations are conducted by the owner who, in order to make the sale, accepts a price less than that at which the broker was authorized to sell.

8. BROKERS—EVIDENCE HELD TO SHOW BROKER ENTITLED TO COMMISSIONS, THOUGH FINAL NEGOTIATIONS CONDUCTED BY OWNER.
   In action for commissions on sale of ranch by broker holding option thereon, sale having been consummated by owner after

expiration of option, as broker claimed, to purchasers procured by him, evidence *held* to support broker's claim and justify verdict for him.

9. TRIAL—COURT SHOULD STATE ISSUES CLEARLY AND ACCURATELY, THOUGH NOT NECESSARILY IN ONE INSTRUCTION.

When trial court undertakes to state issues in instruction, it should do so clearly, concisely, and accurately, though all need not be included in one instruction, if instructions as a whole fairly and fully present issues.

10. APPEAL AND ERROR—DEFECTS IN INSTRUCTION FAILING TO STATE ISSUES COMPLETELY HARMLESS.

In broker's action for commissions on sale of ranch, defects in plaintiff's instruction undertaking to state issues, but not doing so completely, *held* harmless to defendant in view of pleadings clearly stating issues and read to jury.

11. APPEAL AND ERROR—HARMLESS ERROR DISREGARDED BY SUPREME COURT.

The supreme court will disregard any error that does not affect a substantial right.

12. TRIAL — INSTRUCTION NOT ERRONEOUS AS INAPPLICABLE TO CASE IN VIEW OF OTHER INSTRUCTIONS.

In broker's action for commissions, instruction that in case of agreement for sale agent is entitled to recompense if he succeeds in bringing owner and buyer together, though owner dealing personally with buyer agrees to accept less sum than mentioned to agent, being correct in abstract, when considered in connection with charge on question of owner's fraud on plaintiff broker, *held* not improperly given on ground contract between parties governs broker's compensation unless defendant owner prevented him from complying with it, and such prevention was not submitted to jury.

APPEAL from Second Judicial District Court, Washoe County; *C. J. McFadden*, Judge.

Action by John G. Ramezzano against L. Avansino. From judgment for plaintiff and an order denying motion for new trial, defendant appeals. **Affirmed.** **Petition for rehearing denied.**

*Robert Richards*, for Appellant:

The evidence is insufficient to warrant or justify the verdict or judgment. "The fact that defendant sold * * * for * * * less * * * to a person who had refused plaintiff's offer * * * does not entitle plaintiff to compensation." Gilmore v. Bolio, 165 Mich. 633. "If the broker does not sell for more than amount

named, he is entitled to no compensation whatever."
9 C. J. 581; Snow v. McFarlane, 5 Ill. App. 448; Phillips v. Rudy, 146 Ky. 780; Allen v. Clopton Co., 135
S. W. 823; Townley v. Michael, 15 S. W. 912; Matheney
v. Goodin, 130 Ga. 713; Louva v. Warden, 30 N. D. 401.
"As a general rule, a broker is not entitled to compensation until he has performed the undertaking assumed
by him. * * * If he is unsuccessful in accomplishing the object of his employment, he is not entitled to
compensation." 9 C. J. 587. "Before the broker can
be said to have earned his commission, he must produce
a purchaser who is ready, willing, and able to purchase
the property upon the terms and at a price designated
by the principal." Babcock v. Merritt, 27 Pac. 882;
Hungerford v. Hicks, 39 Conn. 250; Tombs v. Alexander, 101 Mass. 255; Barnard v. Minnott, 42 N. Y. 203;
Satterthwaite v. Freeland, 3 Hun, 152; Rees v. Sprunce,
45 Ill. 41; Wylie v. Bank, 61 N. Y. 451.

The court erred in permitting plaintiff to file his
second amended complaint. While in the first cause of
action he relied on the express contract as pleaded in
his previous complaints, in his second cause of action
he declared on *quantum meruit,* including by incorporation and reference the allegations of his cause of action
on the express contract and also his allegations resting
in *quantum meruit.* Ward v. Dixon, 46 S. E. 918; Grover
v. Ohio R. Co., 44 S. E. 147; Douglas v. Morrisville,
79 Atl. 392; Ball v. Dolan, 114 N. W. 998.

The instructions of the court were erroneous. The
instructions misstated the issues as made by the pleadings. "An instruction which misstates the issues or
defenses is erroneous, and is properly refused, and the
giving thereof is a ground for reversal, if it has a tendency to confuse or mislead the jury. The defect is not
cured by subsequent instructions correctly stating the
issues." 38 Cyc. 1611; Howell v. Sewing M. Co., 12
Nev. 184; Earnest v. Waggoner, 49 Tex. C. A. 298;
Galloway v. Hicks, 26 Neb. 535.

*M. B. Moore,* for Respondent:

Where a contract for the recovery of commissions or damages is pleaded, a recovery may be had upon a *quantum meruit,* even without amending the complaint and pleading the contract. Livingston v. Wagner, 23 Nev. 53; Burgess v. Russell, 24 Nev. 242; Oliver v. Little, 31 Nev. 479; Peterson v. St. Francis Hotel Co., 112 Pac. 347; Lawson v. Black Diamond C. M. Co., 102 Pac. 759.

Even though the second cause of action in the amended complaint was not properly pleaded, a recovery could be had and the instruction given under the original complaint. Even if the issues are not completely stated in an instruction, if it is not prejudicial it cannot be used as a basis for a reversal. Holmes v. Neafie, 24 Atl. 1096; Brickwood-Sackett, Instructions, vol. 1, secs. 594, 599.

Where a real-estate broker, having a contract with the owner for the sale of real estate, secures a purchaser within the time provided by the contract, who is able and willing to buy, and the negotiations are conducted between the principal and the proposed purchaser and a sale made, the broker is entitled to the commission provided in the contract; and if the sale is made on different terms from those provided in the contract, the broker is entitled to a commission based upon, a *quantum meruit,* the commission being that usual for like transactions in the community. Ball v. Dolan, 114 N. W. 998; Warren v. Glasgow E. Co., 40 Nev. 103; Paschall v. Gilliss, 75 S. E. 220.

By the Court, DUCKER, J.:

This action was originally brought in the court below to recover the sum of $2,000 as damages for the breach of a written contract. The complaint was amended prior to the trial, and during the progress of the trial, and before the conclusion of his case, respondent, by leave of the court, again amended his complaint by including a count on *quantum meruit.* The trial of the

cause before a jury resulted in a verdict for respondent
in the sum of $1,500, and judgment was entered in
accordance with the verdict. A motion for a new trial
was made, which was denied by the court. From the
judgment and order denying the motion for a new trial,
this appeal is taken.

The second amended complaint restates the cause of
action set forth in the first amended complaint. It
alleges the written contract as follows:

"This contract for the purchase and sale of real estate,
made by and between L. Avansino, of Washoe County,
Nevada, party of the first part, and John G. Ramezzano,
of the same place, party of the second part, witnesseth:

"That for and in consideration of the sum of one
dollar, in hand paid to the party of the first part by the
party of the second part, the receipt whereof is hereby
acknowledged, the party of the first part hereby gives
and grants to and unto the party of the second part the
exclusive option for a period of sixty days (60) from
the date hereof and no longer, to purchase of and from
the party of the first part, or to sell on his behalf the
ranch of the party of the first part commonly known as
the 'Kelly Ranch,' formerly owned by one Questa, and
consisting of 183 acres, more or less, with the appurte-
nant water right thereto of 120 shares in the Orr Ditch
and a certain interest said to be a one-half interest in
the Kelly-O'Sullivan Ditch, for the full purchase price
net to the party of the first part, without deduction, of
$38,000 cash, and also interest on $26,000 at seven (7)
per cent from December 15, 1916, to the date of sale
hereunder, and also any and all reasonable expendi-
tures from this date to the date of sale that the party of
the first part may lay out or may incur for necessary
labor and seeding said real property prior to the time
of said sale.

"It is especially provided that no commission shall be
paid to the party of the second part or claimed by him
hereunder for any sale made by him or his assigns, and
that the title to said real property shall be delivered

free and clear of any and all incumbrances thereon, and that a part of said purchase price, should one G. B. Questa who is now secured by a mortgage of $26,000 at seven per cent on said real property not accept payment of his said mortgage at the time of said sale, shall be the said mortgage which the purchaser will assume and agree to pay at its face, namely, $26,000, with interest at seven per cent per annum, and the balance of said purchase price, $12,000, together with the additions aforesaid, shall be paid to the party of the first part without deduction as aforesaid, and should a sale be made hereunder, in addition to the real property aforesaid the following personal property now situated upon said real property shall be included as a part and parcel of said sale: 5 working horses, 2 Deering mowers, 1 hay rake, 1 binder, 2 hay wagons, 2 sulky plows, 1 walking plow, 1 straight-tooth harrow, 1 disc harrow, 1 marking plow, 1 four-horse scraper, 2 stretchers, 1 hay derrick complete, and 8 tons of hay.

"In witness whereof, the respective parties have hereunto affixed their hands and seals on this 14th day of February, 1917. In duplicate.

"L. Avansino.

"Witness :........................."    "John G. Ramezzano.

It is further alleged that, after the execution of the contract and before its expiration, respondent entered into negotiations with the Flanigan Realty Company, a corporation, for the sale of the property, at an advance of $2,000 over and above the amount fixed in said agreement; that the company examined the property and, being satisfied with it, was ready and willing and able to purchase it at an advance of $2,000 over the price fixed in the agreement, to wit, the sum of $40,000; that the company, at the request of respondent, entered into negotiations with appellant, and that appellant knew at such time that the company had been negotiating with respondent concerning the sale of the property, and that appellant, before the expiration of the time fixed in the

agreement, in order to benefit himself and defraud
respondent by preventing him from selling the property
at an advance over the price fixed in the agreement,
refused to sell the property to the company; that prior
to expiration of the contract the appellant, in order to
prevent respondent from purchasing and selling the
property at an advance above the price specified in the
agreement and for his own gain and advantage, per-
suaded the company not to purchase the property, and
stated to Mark L. Yori and P. L. Flanigan, who were
acting for the company, that it would be to the advan-
tage of the company to let the contract expire, and at
about this time and before the expiration of the agree-
ment appellant entered into an agreement and contract
of sale with the company to sell to it the identical prop-
erty specified in the agreement between respondent and
appellant, for the price of $40,000, and did shortly
thereafter and after the date on which the agreement
between respondent and appellant had expired sell the
property in question to the company and receive from
it the price of $40,000 and deliver the possession thereof
to the company; that, by and on account of the conduct
and actions of appellant, respondent was prevented from
either purchasing or selling said property, to his damage
and injury in the amount sued for.

The contract pleaded in the first cause of action is
made a part of the second cause of action, and, in addi-
tion thereto, it is alleged therein that, immediately after
the execution of the contract, respondent endeavored to
secure a purchaser for the property, and informed
numerous persons that he had an option to buy or sell
the same, among whom were Yori and Flanigan, who,
after being so informed by respondent and of the price,
to wit, $40,000, entered into negotiations with the appel-
lant on behalf of the company, which resulted in a con-
tract and sale of the property, together with a small
amount of personal property, to the company for the
sum of $40,000; that said sale was the result of
respondent's negotiations, efforts, and services rendered

the appellant, alleged to be reasonably worth the sum of $2,000.

The appellant answered without waiving his objections and exceptions to the ruling of the court, allowing the filing of the amended complaint. The answer admits the execution of the written contract set forth in the amended complaint and denies all of the other material allegations mentioned therein.

As a further defense to each cause of action, it is alleged that at all times during the life of said agreement appellant was able, ready, and willing to permit the respondent to purchase or sell said property pursuant to the terms thereof, but respondent failed to comply with the terms of the contract during the life of the contract, or at all, and did not either purchase the said property or sell the same for and on behalf of the appellant as in said contract provided; that at no time during the life of the contract did respondent or the company offer to purchase said property; that subsequent to the expiration of the agreement the appellant entered into and consummated with the company a certain agreement whereby, as an independent transaction and under different terms from those set forth in the amended complaint, he sold said property to the company, together with certain personal property of the reasonable value of $3,000, for the purchase price of $40,000, less the amount of accrued interest then unpaid on the Questa mortgage mentioned in the contract set forth in the amended complaint, and that under said last-mentioned sale the appellant did not have or receive for the property described in the agreement set forth in the amended complaint the sum of $38,000 net to him as provided therein.

For a further defense to the causes of action alleged in the complaint, it is alleged in the answer that at the time of the execution of the contract between respondent and appellant, and that during all of the times as alleged in the amended complaint, respondent was carrying on the business of real - estate agent and solicitor

within the city of Reno, Nevada, the place of execution of said contract, without obtaining or paying for a license and without having complied with any of the provisions of a certain ordinance of the city of Reno, then in full force and effect, requiring every real-estate agent or solicitor in said city to pay for and obtain a quarterly license to carry on such business, which rendered his said contract with appellant null and void.

The answer also contains a demurrer to the second cause of action on the ground that it does not state facts sufficient to constitute a cause of action.

By stipulation of the attorneys for the parties in open court the affirmative allegations in the answer were deemed denied. The demurrer was overruled by the court and a motion to dismiss the second cause of action on the same ground denied.

1, 2. Appellant objected to the allowance of the amendment to the complaint during the progress of the trial, by adding the count stated, upon the ground of surprise. An amendment at any stage of the proceedings rests in the sound discretion of the court, due regard having been given to the surrounding circumstances of the case which occasioned the necessity for amendment. Owing to the variety of circumstances which may attend each particular case, no general rule can be established to govern the discretion of the court in this regard, except the rule that amendments to pleadings are favored and should be liberally allowed in furtherance of justice.

3, 4. The objection that appellant was taken by surprise by the action of the court in permitting the respondent to amend his complaint in the manner stated was obviated by the continuance granted at the time the amendment was allowed. The record shows that the court allowed the amendment on June 4, 1918, and gave a continuance to June 10, and on that date again continued the case to June 14, 1918, thus giving the appellant ten days in which to plead to the amended complaint and to produce such further testimony as he deemed

necessary. It is therefore apparent that he was placed at no disadvantage in this respect. His motion to have his costs taxed against the respondent was denied by the court. There was no error in this, as the terms upon which an amendment will be allowed are in the discretion of the court, and, in the exercise thereof, terms may not be required as a condition of leave to amend. Illinois Steel Co. v. Budzisz, 106 Wis. 499, 81 N. W. 1027, 82 N. W. 534, 48 L. R. A. 830, 80 Am. St. Rep. 54; 31 Cyc. 378.

It is contended that the count on *quantum meruit* does not state a cause of action. We deem it unnecessary to pass upon this question. The evidence introduced by respondent warranted a recovery under the allegations of the amended complaint before its amendment during the trial. Notwithstanding the fact the court instructed the jury that the respondent was entitled to recover the reasonable value of his services, it appears that he did not abandon his cause of action for damages for the breach of the contract. He restated it in his first cause of action in the second amended complaint, and presented instructions to the court upon it which were given to the jury, and which properly stated the law upon this theory of the case.

The sufficiency of the second cause of action therefore need not be determined.

It is assigned as error that the evidence is insufficient to justify the verdict. In this respect it appears that after the time limited in the contract appellant made a sale of the real estate described therein, together with sixty-five head of cattle and other personal property, to the Flanigan Realty Company for the sum of $40,000.

5.   Counsel for appellant cites many authorities holding that before a broker can be said to have earned his commission he must produce a buyer within the time specified in the terms of the agency, when the time is limited, ready, willing, and able to purchase at the price designated by the principal. There can be no dissent from this rule, but, if the principal by fraud defeats

the broker's efforts, that fact removes the case from this general rule. Loxley v. Studebaker, 75 N. J. Law, 599, 68 Atl. 98; Morris v. Jackson, 9 Ga. App. 848, 72 S. E. 444; Parker v. National Mutual B. & L. Assn., 55 W. Va. 134, 46 S. E. 811; Noyes v. Caperton, 68 W. Va. 13, 69 S. E. 364; Fultz v. Wimer, 34 Kan. 576, 9 Pac. 316; Vanderveer v. Suydam, 83 Hun, 116, 31 N. Y. Supp. 392; Baker v. Murphy, 105 Ill. App. 151; Mecham on Agency, sec. 965.

The contract executed by appellant, giving respondent the option to buy or sell the property described for a period of sixty days from the date of its execution, for the net price to appellant of $38,000 plus the interest on the Questa mortgage, and the reasonable expenditures paid out by appellant for labor and seeding, is undisputed. That the respondent was solely instrumental in causing the agents of the Flanigan Realty Company to open negotiations with the appellant is not controverted. That he interested them in the property to a considerable extent is clearly shown. In these respects the testimony of respondent is corroborated by the witnesses Yori and Flanigan, who were interested in and acting for the company. Respondent testified that he brought the property to the attention of Yori during the life of the contract and urged him to buy it at the price of $40,000; that he showed Yori the option he had on the property and told him he could deliver clear title to it and the live stock and implements included; that he called Yori's attention to the fact that the land adjoined the ranch belonging to the company known as the English Mill Ranch, and that he believed by making some improvements on the property there was a chance to make good interest on the money invested; and that Yori told him he would have to see some of his associates and would go down some time and look at it. He also testified that he told Flanigan that he was thinking of selling the property to the packing company, and that he informed the appellant that he had taken up the

matter of selling the property with the Flanigan Realty Company.

It appears from the testimony of both Yori and Flanigan that it was through the respondent that they became interested in the property and commenced negotiations with appellant for its purchase. There is ample evidence upon which the jury could well base a belief that Yori and Flanigan, as representatives of the Flanigan Realty Company, were ready, willing, and able to buy the property described in the Ramezzano contract for $40,000, and would have done so if they had not been encouraged by the appellant to wait until the expiration of respondent's contract for better terms. Flanigan testified that individually he would have been willing to pay that price had he not been able to buy it for a less sum, and that he considered it worth that amount of money. That they were anxious to acquire the property appears from the testimony. In this regard, Mr. Flanigan, in answer to questions propounded by counsel for respondent, testified as follows:

"Q. For what reason were you anxious to get the contract closed at that time? A. Well, we had acquired the Rossaco property, what is known as the English Mill Ranch, and we believed that the acquisition of this property would materially advance the other, for the two were worth more as one large property than either would be alone, or separate.

"Q. Now, at this time, to refresh your recollection, I will ask you to state whether or not you were aware of the fact that other people were negotiating or looking toward the purchase of the Kelly ranch? Yes, sir; I am.

"Q. And that is the reason you were so anxious to close? A. Yes."

6. Yori also testified that the company was able to buy the property at the price held by appellant; and the actual purchase of the property, including sixty-five head of cattle, by the company shortly after respondent's contract expired, is corroborative of this statement.

The question of whether the price of the broker would have been accepted was for the jury.

The jury by their verdict found against appellant's claim of an agreement whereby, as an independent transaction and under different terms from those set forth in the second amended complaint, he sold said property to the Flanigan Realty Company, together with other personal property of the reasonable value of $3,000, for the purchase price of $40,000, less the amount of accrued interest then unpaid on the Questa mortgage, and therefore did not receive for the property described in the Ramezzano contract the sum of $38,000. Respondent had listed the property mentioned in his contract with appellant for sale to the agents of the Flanigan company for the sum of $40,000. The effect of appellant's action, in including in the sale made by him to the company different personal property of greater value than that mentioned in his prior contract with Ramezzano, was merely to reduce the price of the real estate sold which constituted the bulk of the property in question.

7, 8.   It is well settled that if property is placed in the hands of a broker for sale at a certain price, and a sale is brought about through the broker as a procuring cause, he is entitled to his commission on the sale, even though the final negotiations are conducted through the owner, who, in order to make a sale, accepts a price less than that stipulated to the broker.   4 R. C. L. 322.

The jury was properly instructed in this regard.   A careful consideration of the testimony brings us to a conclusion that a strong preponderance of the legitimate evidence supported the respondent's claim and justified the verdict.

Appellant assigns as error the giving of plaintiff's instruction No. 8, wherein the court instructed the jury as to the issues involved.   The instruction reads:

"You are instructed that in this case John G. Ramezzano, the plaintiff, has commenced an action in this court

against L. Avansino, the defendant, for the recovery of $2,000, and the plaintiff has set up as the basis of such recovery two causes of action. In the first cause of action he alleges a contract between plaintiff and defendant, which contract has been admitted and proven in evidence, and alleges that defendant violated the said contract, and prevented plaintiff from either buying the said property at the price named therein, to wit, $38,000, or selling the same at an advance thereover; and further alleges that, while said contract was in full force and effect, he, the said plaintiff, had secured and negotiated with persons who were ready, willing, and able to buy said property described in said contract for the sum of $40,000; that the defendant by his actions prevented plaintiff from making said sale.

"You are further instructed that, in plaintiff's second cause of action, he sues for a commission in the amount of $2,000, alleging that, acting as a real-estate agent, he secured for the defendant a person ready, willing, and able to purchase the ranch and personal property of defendant, and that such person, to wit, the Flanigan Realty Company, so secured by him, the said plaintiff, did purchase said property for the sum of $40,000, and that a reasonable compensation for services so rendered in such sale is $2,000. To this complaint the defendant entered a general denial, except as to the making of said contract."

It is apparent that this instruction does not fully state the issues made by the pleadings. The instruction ignores the affirmative defense of noncompliance on the part of respondent with the ordinance of the city of Reno requiring real-estate agents to obtain and pay for a license. It also incorrectly states the purchase price appellant was to receive net for the property at $38,000, whereas under the contract as pleaded in the complaint and admitted in the answer, he was to receive $38,000 plus the interest on the Questa mortgage and the amount of all reasonable expenditures from the date of contract

to sale necessarily incurred or paid out by appellant for labor and for seeding the real estate.

9-11. When the court undertakes to state the issues in an instruction to the jury, it should do so in a clear, concise, and accurate manner. It is not essential that all of them should be included in one instruction. If the instructions as a whole fully and fairly present the issues involved, it will be sufficient. 14 R. C. L. 728. An examination of the court's charge to the jury in its entirety reveals that the omissions in plaintiff's instruction No. 8 were not supplied by other instructions. Respondent's counsel practically admits the instruction does not completely state the issues made by the pleadings, but contends that its defects in this respect were not prejudicial. We are inclined to the same view. The pleadings in this case are not drawn in such technical language as to render them liable to be misunderstood by persons unlearned in the law. They define the issues clearly and the record discloses that they were all read to the jury. It seems therefore unlikely that they could have been misled by the incomplete instruction in which a formal statement of the issues was undertaken. The court will disregard any error that does not affect a substantial right.

12. Appellant complains of instruction No. 9 given by the court. It reads:

"You are instructed that. as a matter of law that, where an agreement for the sale of property is entered into, the agent is entitled to his recompense if he succeeds in bringing the owner and buyer together and this, too, where the owner in dealing personally with the buyer agrees to accept a less sum than that mentioned to the agent. In such case the agent is entitled to recover his compensation on the amount accepted by the seller."

It is insisted that this instruction is not applicable to the case because the contract governs the compensation, unless the appellant prevented the respondent from complying with it; and that such prevention on his part was

not submitted to the jury. As we have previously stated, the appellant's bad faith in inducing the buyer to wait until respondent's contract expired as alleged in the first cause of action was submitted to the jury under proper instruction. The instruction complained of is correct in the abstract, and, when considered in connection with the court's charge upon the question of fraud, was not improperly given.

In view of the submission of the case to the jury upon the cause of action for damages for breach of contract, and since the verdict is justified by the strong preponderance of the evidence in this respect, we deem it unnecessary to decide the question raised by appellant's objection to instructions given upon respondent's right to recover upon a *quantum meruit* in this kind of an action.

We have considered the other errors assigned, including the refusal of the court to give certain instructions offered by the appellant, which are not discussed in the appellant's briefs, and find them to be without merit.

Judgment affirmed.

### ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.