# BREAM *v.* NEVADA MOTOR CO.

No. 2789

August 7, 1928.                                    269 P. 606.

*Harry Swanson,* for Appellant:

*Thatcher & Woodburn* and *John Donovan,* for
Respondent:

## OPINION

By the Court, COLEMAN, J.:

Respondent, as plaintiff, brought suit to recover a money judgment. The amended complaint upon which

the trial was had contains four causes of action. The first three causes of action were upon promissory notes and the fourth was upon an account stated.

An answer was filed admitting the execution of the notes sued upon, but alleged that the notes sued upon in the first and second causes of action were deposited as security to secure certain contingent indebtedness that never accrued. The answer alleged full payment of the note described in the third cause of action, and denies that there had been an accounting as alleged in the fourth cause of action. The defendant also pleaded a counterclaim.

Judgment was rendered in favor of the plaintiff, from which an appeal has been taken. The defendant also appealed from the order denying his motion for a new trial, and from an order denying his motion to retax costs.

The plaintiff is the state agent for the Packard and Hupmobile cars. The defendant was desirous to become the agent of the plaintiff within certain territory in the state, and entered into what appears to be the usual agreement in such cases. The plaintiff was to help the defendant finance his sales and to that end, as a protection, demanded a cash deposit. Defendant being unable to make the cash deposit gave the notes sued upon and deposited certain stock. It was upon these notes and an alleged account stated that the suit was brought.

It is contended that the trial court erred in receiving evidence of a book account, in view of the cause of action upon an account stated. It is also asserted that the evidence shows no indebtedness due the plaintiff.

■ Taking up the first contention, we do not think, in view of the nature of the dealings between the parties, that the court committed error in going into the book account between the parties. The question of the payment of the notes involved credits given the defendant, as commission on sales, charges for parts sent him, in pursuance of the agreement, advances made, and the like.

■ We think there is nothing in the contention that the evidence does not support the judgment. We have read the entire evidence with care, and the record shows

that the trial judge was cautious and considerate, and we cannot say that a correct conclusion was not reached. Three witnesses testified as to certain vital matters in support of the plaintiff's case, and certain letters and telegrams tend to confirm portions of plaintiff's case. The defendant kept no account of his transactions, and though he testified that in October, 1924, the accounts between the parties were fully settled, there is a letter in the record, written by him after that date, in which he admits his inability to pay. We do not deem it necessary to review the evidence at length.

During the trial the court permitted an amendment to conform to the proof. This was perfectly proper and courts should be liberal in allowing such amendments. Miller v. Thompson, 40 Nev. 35; 160 P. 775; Ramezzano v. Avansino, 44 Nev. 72, 189 P. 681.

The plea of an account stated was properly averred. 1 C. J. 678.

It has been stipulated that we may dispose on this appeal of the ruling of the trial court on the question of costs. We think the motion to retax costs should have been granted as to the two items of $44.52 mileage of two witnesses from the Utah-Nevada state line to Reno.

We held in Zelavin v. Tonopah Belmont Dev. Co., 39 Nev. 1, 149 P. 188, that a party could not recover mileage for witnesses coming from another county in which he resides, if over thirty miles distant, and since the witnesses in question resided in Utah and traveled within this state a distance greatly in excess of thirty miles, no allowance can be made. We said in the case mentioned:

"* * * Since it was not shown on the hearing of the motion to retax costs that they were not served at the state line, we will not disturb these items."

That case was tried in Reno, Washoe County, less than thirty miles distant from the California state line, which is a very different state of facts from those in the instant case.

It is ordered that the case be remanded to the trial court with instructions to modify its ruling on the motion

to retax costs as herein indicated, and that the judgment be affirmed in all other respects. Appellant to recover his costs incident to the appeal as to costs only.