NEVADA BANK OF COMMERCE, a State Bank Corporation, Appellant, v. EDGEWATER, INC., a Corporation, S. R. MUENSTERMANN, DALE LANDERS, and E. G. GRIMSLEY, Respondents.

DALE LANDERS and ANN LANDERS, Respondents and Cross-Appellants, v. NEVADA BANK OF COMMERCE, a State Banking Corporation, Appellant and Cross-Respondent.

No. 5543

November 14, 1968                    446 P.2d 990

*Hilbrecht & Jones,* of Las Vegas, for Appellant and Cross-Respondent.

*Melvin D. Close, Jr.,* of Las Vegas, for Respondents and Cross-Appellants Landers.

*Samuel S. Anter,* of Las Vegas, for Respondent Grimsley.

*Raymond Little,* of Las Vegas, for Respondent Muenstermann.

## OPINION

*Per Curiam:*

Nevada Bank of Commerce appeals from judgments in favor of three individual defendants, and for one defendant on his counterclaim against Bank. Two specifications of error are asserted. We find that neither one has merit, and affirm the judgment of the lower court.

1. Defendant Landers was permitted, on the day set for trial, to amend his answer and counterclaim against Bank to include an additional counterclaim. Appellant contends this was error in that Landers made no showing of "oversight,

inadvertence, or excusable neglect" under NRCP 13(f).[1] But counterclaims may also be set up by amendment under Rule 13(f) "when justice requires," to the end that substantial justice may be accomplished between all parties to the litigation. Bream v. Nevada Motor Co., 51 Nev. 100, 104, 269 P. 606 (1928); Ramezzano v. Avansino, 44 Nev. 72, 80, 189 P. 681 (1920); McCausland v. Ralston, 12 Nev. 195, 203 (1877). The allowance of such amendments is within the sound discretion of the trial court, and is not to be disturbed on appeal in the absence of a gross abuse thereof. Edmonds v. Perry, 62 Nev. 41, 54, 140 P.2d 566 (1943).

Here, there is no showing that appellant was prejudiced in his right to present a defense to the amended counterclaim. If he was in fact so prejudiced he should have moved the court for a continuance. McCausland v. Ralston, supra, at 203. Appellant not only failed to seek a continuance, but indicated he would be ready to proceed to trial on the date set. Under these circumstances, no error appears in the allowance of the amendment.

2. Appellant complains of the giving of certain jury instructions on the ground that they were repetitious and over-emphasized defense theories. The instructions given were relevant to the issues at trial, and were correct statements of the law on those issues. If there was some repetition, this alone does not constitute reversible error (Reah v. Jupin, 206 P.2d 558, 561 (Ariz. 1949)), nor does the fact that the instructions might be more favorable to respondents' theory of defense than to appellant's theory of recovery. No error resulted from the giving of these instructions.

The judgment of the lower court is affirmed.

---

[1]NRCP 13(f): "Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."