FREDERIC H. MOLL, APPELLANT, *v.* NEVADA YOUNG AMERICAN HOMES, INC., A NEVADA CORPORATION, RESPONDENT.

No. 8530

February 16, 1977                    560 P.2d 152

[Rehearing denied March 21, 1977]

*Johns & Johns* and *Larry C. Johns,* Las Vegas, for Appellant.

*James L. Buchanan, II,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Plaintiff-appellant sought to recover compensation for architectural services provided defendant-respondent. Before trial the respondent twice unsuccessfully moved to amend its answer and file a compulsory counterclaim. The initial motion to amend should have been granted since the counterclaim sought to be interposed was compulsory in nature, and justice contemplates that claims and counterclaims arising out of the same transaction shall be litigated in one action. Cf. Nevada Bank of Commerce v. Edgewater, Inc., 84 Nev. 651, 446 P.2d 990 (1968). For some reason, unclear on this record, the motion was denied. When the motion was again presented, this time before a different judge, it was once more denied, presumably because of DCR 27 and DCR 20(4) quoted below.[1]

Subsequently, trial of the action occurred before a third judge who, over objection, received evidence supporting respondent's compulsory counterclaim which it had not been

---

[1]DCR 27 provides:

"When an application or petition for any writ or order shall have been made to a district judge and is pending or has been denied by such judge, the same application or motion shall not again be made to the same or another district judge, except upon the consent in writing of the judge to whom the application or motion was first made."

DCR 20(4) provides:

"No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties."

allowed to file. At the conclusion of trial the judge found that $8,750 was due plaintiff-appellant, but reduced that amount by $6,000 because of the proof offered by defendant-respondent.

This appeal complains of the $6,000 reduction since a counterclaim was not before the judge and evidence in support should not have been received. The contention is not without merit. However, the evidence was received, and the court determination that $2,750 is due and owing appellant rather than $8,750 is amply supported. In these peculiar circumstances we choose not to disturb the judgment. To do otherwise would deprive the respondent of $6,000 which the record establishes is rightfully his, or, perhaps foster further repetitive and time-consuming litigation.

Affirmed.