## SHANDS & CO. *vs.* HOWELL & CO.

If, in a suit on a foreign judgment it appears that of eight defendants, the officer served five, but he does not designate the five by name, and it appears that the parties, plaintiffs and defendants appeared by counsel, and the jury in their verdict mention each of the eight defendants by name, and say they find against the defenants, and it appears that an appeal was entered, and that on a motion to dismiss the appeal, all the defendants mentioned by name were appellants, it is sufficient *prima facie* evidence against two of the eight defendants sued here, that they appeared and defended—it is not conclusive on them, however, they may prove the contrary.

Debt, on foreign judgment, from Lumpkin county. Tried before Judge RICE, at January Term, 1859.

This was an action of debt, by Almanin Shands and Joshua Robertson, miners and partners under the name and style of A. Shands & Co., against Andrew Howell, Phillip Howell, Rufus Howell, Phillip Stonecipher, Joberry Mullinax, Thomas Thomson, Thomas Phillips and Andrew J. Mullinax, late a mining company in the State of California, mining and trading there as partners, under the firm and name of A. Howell & Co., on a judgment obtained against said defendants in the State of California, for six hundred dollars besides cost.

Andrew Howell and Andrew J. Mullinax were only served. The sheriff returned *non est inventus* as to the other defendants.

Upon the trial plaintiffs offered and read in evidence the exemplification of the record from California where the judgment was rendered. The following is a copy of said judgment:

" A. Sands & Co. ⎫          March 8th, 1852.
     *vs.*          ⎬   The plaintiff in this action brings
  A. Howell & Co. ⎭ his action for the recovery of a min-

ing claim and damages of five hundred dollars. Complaint filed on the eighth day of March, 1852. Summons issued and made returnable on the 13th instant, and given to Moses, constable. Returned as served, on five of the defendants, by copy. The parties appeared by their counsels; E. P. Hawes for the plaintiffs, and A. J. Buckner for defendants. On motion of defendant's counsel, trial adjourned until the 22d day of March. Now come the parties by their counsels on the day appointed by me to try the case. Defendants called for a jury. Venire issued and given to Moses, constable, who returned the following named persons as a jury to try the case : G. W. Bond, H. S. Crane, D. B. James, J. W. Misner, John A. Cardewell, and Moses A. Eldrige. The jury being sworn, and after hearing the evidence on both sides, and the argument of counsel, retired in charge of a sworn constable, and returned the following verdict : "The jury in the case, Shands & Co. vs. A. Howell, Rufus Howell, Phillip Howell, Phillip Stonecipher, Joberry Mullinax, Thomas Thomson, Thomas Phillips and Andrew Mullinax, defendants, do find a verdict against defendants in damages to the amount of three hundred and seventy-five dollars, and that plaintiffs have restitution of his claim." (Signed by the jury.) "It is considered by the Justice that the damages be laid at five hundred dollars, and the defendants fined one hundred dollars, and the plaintiffs have execution for their debt and costs laid at the following : The judgment $500 00 ; fine, $100 00 ; Justice's fees, $30 50 ; witnesses' fees, $144 00 ; constables, $26 00 ; jury, 15 00. Appeal by defendants ; confirmed May the 3rd, 1852, by the county court—court costs, $36 00. Execution issued May 4th, 1852, returnable in twenty days. Returned with the following endorsed upon it : 'Sold mining claims and fixtures for $380 00. Moses, constable, the 5th day of July, 1852. S. L. Crane, J. P.'

Transcript of the docket made out and given to Shands, plaintiff, October the 4th, 1852, for the balance $503 50.

(Signed,)                         S. L. CRANE, J. P.

State of California, ⎫
County of Eldorado. ⎭
A. Howell et al., appellants, ⎫   In the county court,
           *vs.*            ⎬ in and for said county.
A. Shands et al., defendants. ⎭   May 3th, A. D. 1852.

Now on this day came A. Shands and J. Robertson, respondents by their attorneys, Robertson & Howell, and file herein their motion to dismiss said appeal, in which the said A. Howell, Rufus Howell, Phillip Howell, Phillip Stonecipher, Joberry Mullinax, Thomas Thomson, Thomas Phillips and Andrew Mullinax, are appellants, and the court being advised in the premises: It is ordered and adjudged that said appeal be dismissed, and the judgment of the court below affirmed, and it is further ordered that said respondents have and recover of said appellants their costs and charges, to-wit: $30 00 in their behalf expended, for which let execution issue. It is further ordered that the court below award to respondents execution upon the judgments rendered by him, and for the costs of his, the said Justice's, court."

The testimony being closed on both sides, the presiding judge, amongst other things, charged the jury, " that the judgment sued on and offered in evidence was good, against all the persons named in it who were summoned, or who appeared in person or by attorney, and defended the suit in which it was rendered. In other words, against all who had notice of the suit. That if the record sued on showed that there were eight persons sued, and that the constable returned that five of the persons sued were served with summons, without specifying who they were, it devolved on the plaintiffs to prove that Andrew Howell and Andrew Mullinax, the defendants in the case

Shands & Co. vs. Howell & Co.

before this court, were served with summons, or had notice of the pendency of the action in California, in which the judgment was rendered, otherwise they were not affected by the judgment."

Counsel for plaintiffs called the attention of the court to the entry in the record, as follows: " The parties appeared by their counsel, E. B. Howes, for the plaintiff, and A. J. Buckner, for the defendants," and requested the court to charge the jury that the entry was evidence to authorize them to presume that Andrew Howell and Andrew Mullinax, the defendants, were served with process, or had notice of the suit. The court refused to charge as requested, but charged the jury, " that that entry only authorized a presumption that the persons who had been served appeared, and did not authorize them to presume that these particular defendants, Howell and Mullinax, appeared or had notice of that case. To which charge and refusal to charge plaintiffs excepted.

The jury found for the defendants, and plaintiffs moved for a new trial, on the following grounds :

1st. Because of newly discovered evidence.

2nd. Because the court erred in holding and charging that it was necessary for plaintiffs to prove that Howell and Mullinax were served with process, or appeared and defended the suit in the State of California.

3rd. Because the verdict was contrary to the evidence.

The court refused the motion for a new trial, and plaintiffs excepted and assigned said decision as error.

IRWIN & LESTER, and BOYD, and WALKER, for plaintiffs in error.

JAMES R. BROWN, contra.

By the Court.—McDONALD, J., delivering the opinion.

The record shews no diligence on the part of the plain-

tiffs before the trial, to ascertain the evidence which they claim to be newly discovered. The proceeding shews that, on the contrary, they did not consider evidence to that point necessary to their cause.

We think, however, that there is enough in the exemplification of the judgments from California, to make out a *prima facie* case against the defendants who are sued in this case. It is true there were eight defendants in the cause in California, and the officer returned service on five of them only. The exemplification of the proceedings from California shew that the *parties*, (no doubt in this place meaning plaintiffs and defendants,) appeared by their counsel. It shews further that the defendants called for a jury. A jury was summoned, empanneled and sworn, and rendered a verdict. The names of all the defendants, eight in number, are set out in the verdict, and the jury proceed to say that they find a verdict against the defendants. In the proceedings to dismiss the appeal in the county court, all the defendants, eight in number, are stated to be appellants. We think there is enough in the record to authorize a presumption that the defendants all appeared and defended, and the defendants to this case among them. It is by no means conclusive on them however. If it can be shewn by them that they were not served, and did not appear and defend, they may be allowed to do it. But the onus is on them.

Judgment reversed.