3178.  MORRIS *v.* JACKSON.

There being no evidence of bad faith or fraud on the part of the owner in selling the property, after the expiration of the agency contract, to a person with whom the agent had been negotiating prior thereto, and it further appearing that the sale was made for a sum less than that named in the agency contract, as to which time was of the essence, the agent was not entitled to commissions on the transaction, even though the sale was made by the owner to the same person and at the price offered by him prior to the expiration of the agency contract.

DECIDED OCTOBER 23, 1911.

Complaint; from city court of Atlanta—Judge Calhoun. December 1, 1910.

A real-estate agent sued the owner of a farm for $300, commission on a sale of the farm. The jury returned a verdict for $250, and the defendant moved for a new trial, on the general grounds, also assigning error on one excerpt from the judge's charge. The material facts as settled by the verdict are that the owner listed the farm with the agent, agreeing to give him exclusive control of the

property for 120 days, to pay him a commission of 5 per cent. on the purchase-price, and further providing that if the owner "should, after the expiration of the 120 days, sell said property to the [agent's] customer or client, direct or through any one else," the agent should nevertheless have his commission. The contract was renewed successively, so as to make it expire on January 1, 1909. The agent put a "For Sale" sign on the property. One Maddox saw the sign and went to Haynes, the tenant in possession, found out the name of the owner, and went directly to him. The owner then went with Maddox to see the property, but no trade was consummated. About 60 days later the agent called on Maddox and again interested him in the property, and finally obtained from him an offer to give a piece of city property and $1,000 "to boot" for the farm. This offer was communicated to the owner of the farm, and was declined by him. This happened in December, 1908. Subsequently the owner notified the agent that the property would be taken out of his hands on January 1, 1909, which was done, and during February, 1909, the owner sold the farm to Maddox on the same terms which he had declined when dealing through the agent, to wit, for the city property and $1,000. The price at which the farm was originally listed was $6,000,—$3,000 cash, and the remainder in deferred payments, with interest at the rate of 7 per cent. per annum. The value of the city property, which, in addition to the $1,000 cash, the owner received, was estimated at $4,000 ; so that he obtained only the equivalent of $5,000 for his farm, or $1,000 less than the price at which he authorized the agent to consummate the sale.

*James L. Key, Nathan Coplan,* for plaintiff in error.

*Hill & Wright,* contra.

RUSSELL, J.  (After stating the foregoing facts.)  There is no evidence that in declining to accept the offer made prior to January 1, 1909, as to the exchange of the properties, the owner did so with the concealed intention at the time to accept the offer after the expiration of the agency contract, simply for the purpose of evading the payment of the agent's commission.  The relation of principal and agent requires good faith inter sese, and the law will not tolerate one taking an unfair advantage of the other.  *Williams* v. *Moore-Gaunt Co., 3 Ga. App.* 756 (60 S. E. 372) ; *Emery* v. *Atlanta Real Estate Exchange,* 88 *Ga.* 321 (14 S. E. 556).  It is

54

evident that the parties considered time of the essence of the contract. Where an owner gives to an agent exclusive control of his property for a named number of days or specified time, the time named is such a material part of the contract as to go to its essence. *Emery* v. *Atlanta Real Estate Exchange,* supra. The mere fact that after the expiration of the agency contract the owner sells the property for a lesser sum than therein named, when taken alone, indicates nothing so far as the agent's right to commissions is concerned; nor is the fact that the sale is made to a person with whom the agent had been negotiating to be considered, otherwise than as it bears on the words, agent's "client or customer," as used in the agency contract. *Doonan* v. *Ives, 73 Ga.* 295 (1, *a*).

These words, as used in the contract in the instant case, must receive a reasonable construction. Certainly it was not the intention of the parties that every person to whom the agent had offered the property should afterwards be considered the agent's client or customer. They were intended to prevent a sale by the owner after the expiration of the agency contract to a purchaser procured prior thereto on the terms therein authorized. The price authorized in the agency contract in the instant case was $6,000. The agent did not procure a purchaser at that figure, for the undisputed evidence is that the city property offered was worth only $4,000. The owner had a right to stand on his contract with the agent, and refuse to sell for less than the sum therein named, and subsequently to change his mind and sell to the same person for a less sum. In the absence of bad faith or fraud, any other rule would be manifestly unjust to the owner, who, after the expiration of the contract with his agent, is absolute owner of his property, to do with it as he sees fit.

There being no evidence of any bad faith or fraud, and the parties having made their own contract, according to the terms of which the agent failed to earn his commission, the verdict is contrary to law and without evidence to support it.

*Judgment reversed.*