9992.   PRICE *v.* COCKE.

WADE, C. J. Where a suit for a commission on a sale of land is based upon a contract authorizing the plaintiff to sell the land for the defendant for a fixed price per acre within a specified time, and it does not appear from the petition that the plaintiff procured a purchaser ready, able, and willing to buy at the price stipulated, or that during the life of the contract there was such interference on the part of the defendant as to prevent a sale of the property, or any secret agreement, collusion, or mutual understanding between the defendant and the prospective buyer, while negotiations were pending, to delay the consummation of the trade until after the expiration of the contract, the petition is subject to general demurrer, even though it be alleged that immediately after the expiration of the contract (time being of the essence) the defendant sold the property to one who had been negotiating with the plaintiff. The trial judge in this case therefore did not err in dismissing the suit on demurrer. See Civil Code of 1910, § 3587; *Morris v. Jackson,* 9 *Ga. App.* 848 (72 S. E. 444); *Emery v. Atlanta Real Estate Exchange,* 88 *Ga.* 321 (14 S. E. 556); *Humphries v. Smith,* 5 *Ga. App.* 340, 342 (63 S. E. 248); *Case Threshing Machine Co. v. Binns,* 23 *Ga. App.* 46 (3), (97 S. E. 443).

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED APRIL 17, 1919.

Complaint; from city court of Dawson—Judge Edwards. July 6, 1918.

The petition alleges: that on August 11, 1917, the defendant entered into a written contract with the plaintiff, appointing him as her exclusive agent for a period of twenty days to sell a described plantation of 1668 acres at the price of $18 per acre, on

which he was to be paid a commission of five per cent., if during
the life of the contract the property should be sold by him, or by
the defendant or any one else; that during the life of the contract
he succeeded in interesting E. C. Speer in the purchase of the
property, and made known to the defendant the fact that he had
succeeded in getting a prospect, and by mutual agreement the term
of the contract was extended to September 7, 1917; that before
that date he took up negotiations for a sale of this land with Speer,
and carried Speer over the land, used the utmost diligence in all
matters pertaining to a sale of the land, and acted in the utmost
good faith towards the defendant; that after making an inspection
of the land Speer made to him a counter-proposition to that stated
in the said contract, so far as the price was concerned, to wit, $15
per acre; and the plaintiff immediately submitted to the defendant,
during the life of the contract, this counter-proposition of Speer,
and the defendant declined it and so notified the plaintiff; that she
acted in bad faith in so doing, and did so with the concealed' pur-
pose of depriving the plaintiff of his commissions under her con-
tract with him, by allowing the term of his agency to expire and
thereafter closing the sale on the proposition as made by Speer; that
as soon as the term of the plaintiff's agency expired the defendant
accepted Speer's counter-proposition and sold the land to him at
$15 per acre cash, finally consummating the sale in accordance with
that proposition; that this was due solely to the plaintiff's efforts
in procuring Speer as a purchaser; that the defendant secretly
accepted Speer's counter-proposal when it was submitted to her
by the plaintiff, but deferred a communication of her acceptance
to Speer until after the expiration of the plaintiff's agency, for the
sole purpose of depriving him of his commissions, in all of which
she acted in bad faith; that she received from Speer $25,000 cash
for the land, and, under her contract with the plaintiff, is indebted
to him 5% of this amount, to wit, $1,250, besides interest, for
which the plaintiff sues. A copy of the written contract is attached
to the petition. By amendment allegations were added as to the
defendant's purpose fraudulently to take advantage of the plain-
tiff's efforts and labor to procure a purchaser on terms at which
she was willing to sell, and thereby to defraud him of his commis-
sion; it is alleged that on the next day after the expiration of
his term of agency, and without further negotiations, the defendant

communicated to Speer that she was willing to sell the land according to the said counter-proposition, and she did sell the land according to that proposition. The petition was dismissed on general demurrer.

*Yeomans & Wilkinon, Ware G. Martin,* for plaintiff cited: *Humphries* v. *Smith,* 5 *Ga. App.* 342; *Graves* v. *Hunnicutl,* 8 *Ga. App.* 99; *Doonan* v. *Ives,* 73 *Ga.* 295; *Hill* v. *Wheeler,* 2 *Ga. App.* 349; 9 Corpus Juris, 601, 606.

*Parks & Parks,* for defendant, cited: Civil Code (1910), § 3587; *Morris* v. *Jackson, Emery* v. *Atlanta Real Estate Exchange,* and *Humphries* v. *Smith,* supra.