## TAYLOR *et al. v.* FRIEDMAN COMPANY.

1. Service of a suit brought against a corporation in a State other than that of its residence can not be effected by serving the president of such corporation or other official who happens to be in the State where the suit is brought, so as to give the court of the latter State jurisdiction of the suit.

2. The president of a corporation, thus sojourning in a foreign State, could not accept service so as to bind the corporation, without being authorized so to do by the corporation. Such authority did not arise merely from the fact of his occupying the position of president of the defendant corporation.

3. Evidence tending to show that the corporation did not ratify the action of the president in accepting service was material and relevant in the case under the issues presented, and it was error to reject such evidence.

No. 2668.   JANUARY 12, 1922.   REHEARING DENIED FEBRUARY 21, 1922.

Complaint. Before Judge Pendleton. Fulton superior court. May 21, 1921.

34

*W. A. Fuller,* for plaintiffs in error.   *W. S. Dillon,* contra.

BECK, P. J.   The Friedman Company brought a petition against J. H. Taylor and others, seeking a money judgment against the defendants, and certain equitable relief.   The suit was based upon a judgment obtained in the Supreme Court of New York County, New York.   Under an agreement by counsel for both parties the case was submitted to the court without the intervention of a jury. A judgment was rendered in favor of the plaintiff.   The defendants moved for a new trial, which was refused, and they excepted.

Service of the suit in New York was effected upon J. H. Taylor, as president of the Union Manufacturing Company, the corporation which was the defendant in that suit.   Taylor thereupon employed a New York attorney at law, who made a general appearance by filing an answer to the suit, and also claimed a set-off in favor of the defendant, the Union Manufacturing Company, against the plaintiff.   Following this employment and appearance, the judgment in question was rendered by the New York court.   There were only three stockholders of the Union Manufacturing Company, the Georgia corporation, these three being J. H. Taylor, who owned a majority of the stock, and W. C. England and Ira England, who had a joint interest in the remainder of the stock.   Taylor was president and manager of the company, and was the chief executive officer.   When Taylor, after service as recited above, returned from New York he conferred with W. C. England, who was secretary and treasurer of the company.

1.   The mere presence in the State of New York of Taylor, the president of the Georgia corporation, which was not doing business in the State of New York, did not have the effect of bringing the corporation into the latter State, so as to subject it to the jurisdiction of the courts there.   The presence of the agent of the corporation upon whom service of process was sought to be effected was not the equivalent of the presence in the State of the foreign corporation itself.   14-A Corpus Juris, § 4081, and the authorities there cited.   See also Dollar Co. *v.* Canadian &c. Co., 220 N. Y. 270 (115 N. E. 711).

2.   Even if it be true that the president of a Georgia corporation may, when suit is brought against the corporation in a Georgia court having jurisdiction, employ an attorney to attend to the same or to press a counter-claim and generally conduct the litigation thus

involved, it does not follow that he has authority to accept service in a foreign jurisdiction and·thereby bind the company in a suit brought in a court of the foreign jurisdiction.   Such a waiver of the rights of the corporation to be sued in the courts of the State of the residence of the corporation is not within the general or implied powers of the president or other officer.   Though the precise question which we have here was not involved, decisions have been rendered by this court showing the limited authority of the president of a corporation in doing acts which affect the rights of the same, and in disposing of its property, where not expressly authorized.    The president, merely in virtue of being such, can not bind the corporation by contract.   Authority must be conferred generally or specially in the individual case.    *Potts-Thompson Liquor Co.* v. *Potts,* 135 *Ga.* 452 (69 S. E. 734).   See also *Brown* v. *Bass,* 132 *Ga.* 41 (63 S. E. 788) ; *Ocilla Southern R. Co.* v. *Morton,* 13 *Ga. App.* 504 (79 S. E. 480).   The implied waiver of· the want of jurisdiction in the New York court, by appearance and pleading to the merits of the suit, consequently was not binding upon the Georgia corporation.

3.   If the action of the president of the corporation, Taylor, in accepting service and litigating in the New York court, was ratified by the proper corporate authorities, the corporation would be bound by the judgment rendered in the court in which they sought to litigate, though it was a court of a foreign jurisdiction. Neither a natural person nor a corporation could waive the want of jurisdiction in the courts of another State, there contest the claim of the plaintiff brought against them, take the chances of a favorable verdict, and then when an adverse verdict .was rendered renew the contest against the claim of their adversary; and require him in a court having jurisdiction to again establish his claim. The question of ratification in this case was raised by evidence, which the plaintiffs in error sought to have introduced, but which the court upon objection excluded.   This evidence should have been heard, as it was material.   The case was being tried by the judge without the intervention of a jury, and there was some evidence tending to show ratification of the act of Taylor in employing counsel; and the defendant was entitled to the benefit of the evidence tending to show that there was no ratification.

*Judgment reversed.   All the Justices concur.*