DECIDED AUGUST 27, 1931.

*William B. Kent,* for plaintiff in error.
*W. O. Purser, T. G. Dorough,* contra.

## 21053. MAYFAIR v. CITIZENS NATIONAL BANK.

STEPHENS, J. 1. A promissory note which recites that it is made "for value received," and which is assigned and transferred by indorsement, is presumably both executed and transferred and assigned for a valuable consideration. In a suit on a note, where it appears from the petition that the note recites that it was given for value received, and where it is alleged in the petition that the payee named in the note indorsed, transferred, and assigned it to another person, who afterwards indorsed, transferred, and assigned it to the plaintiff, it is not necessary to allege that the note was executed or indorsed, transferred, and assigned for value.

2. An allegation in the petition, in a suit on a promissory note, that a named corporation and a named company, whose indorsements appear upon the back of the note as being made by a designated official of the corporation or the company, indorsed, transferred, and assigned the note, is a sufficient allegation as to the genuineness of the indorsements, and the petition is not subject to demurrer on the ground that it does not appear that the indorsements were made by authority of the corporation or the company whose names appear as indorsers upon the note, or that the date of either of the indorsements does not appear. *Sheffield* v. *Johnson County Savings Bank,* 2 *Ga. App.* 221 (2) (58 S. E. 386); *Kirby* v. *Johnson County Savings Bank,* 12 *Ga. App.* 157 (3) (76 S. E. 996).

3. Where a promissory note contains a provision that if it is not paid when due, the payee or holder of the note "may" instruct the trustee of a deed of trust, given to secure the payment of the note, to exercise a power of sale contained in the deed, it is not by this provision in the note made a condition precedent to the right of the payee or holder of the note to sue on the note that the trustee has been instructed to exercise the power of sale contained in the deed. In a suit on the note, where the contents of the deed of trust do not appear from the allegations in the petition or by exhibit attached, the petition is not subject to demurrer upon the ground that it is not alleged that the trustee was instructed to exercise the power of sale which the note recites is contained in the deed of trust.

4. Applying these rulings to the petition in this case, it set out a cause of action, and the court did not err in overruling the demurrer thereto.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 27, 1931.

*Joseph M. Jones, George & John L. Westmoreland,* for plaintiff in error.

*George B. Rush, Francis L. Eyles,* contra.