22990. ADAMS LOAN & INVESTMENT COMPANY *v.* DOLVIN REALTY COMPANY.

JENKINS, P. J. 1. Under section 37 of the act defining the procedure in the municipal court of Atlanta, suits involving not more than five hundred dollars principal, exclusive of attorney's fees, interest, and costs, "shall proceed as suits or actions in justice courts, under the practice thereof

existing under the laws relating thereto." Ga. L. 1925, pp. 370, 379. The pleadings in such cases do not differ from those in a justice's court, where niceties of pleading are not required, and it is only necessary to inform the defendant of the nature of the plaintiff's demand against him. *Eaves* v. *Georgian Co.*, 47 *Ga. App.* 37 (169 S. E. 519); *Ladd Lime & Stone Co.* v. *Case*, 34 *Ga. App.* 190 (129 S. E. 6); *Kinney* v. *Kinney*, 20 *Ga. App.* 816 (93 S. E. 496). The petition fully sufficing for this purpose, there was no error in overruling the certiorari upon the exception that the municipal court erred in refusing to dismiss the petition on the oral demurrer of the defendant.

2. The petition in the instant case, for the recovery from the owner of real estate of commissions earned by the plaintiff as agent of the defendant in obtaining a contract of sale from a proposed purchaser, does not claim the commissions as earned because the plaintiff as a broker found a purchaser who was ready, able, and willing to buy, and who actually offered to buy on the terms stipulated by the owner, under the rule embodied in section 3587 of the Civil Code (1910) (see *Roberts* v. *Prater*, 29 *Ga. App.* 245, 114 S. E. 645); nor does it allege an agreement merely by way of inducement for a recovery on a quantum meruit, as in *Ga., Fla. & Ala. R. Co.* v. *Purviance*, 42 *Ga. App.* 519 (156 S. E. 731); but the right of action is expressly based upon an alleged written contract for the sale of the defendant's property, negotiated by the plaintiff with a third party, which agreement, stipulating for the payment of commission, was signed by the purchaser and by the president of the defendant corporation. The liability of the defendant must therefore be determined by the validity and effect of the written contract.

3. "A president of a corporation, merely in virtue of being such, has no power to bind the company by a contract. . . But such authority may be conferred generally, or specially in the individual case. If the charter or by-laws confer on him general power to contract, a contract made within the scope of such power is binding on the corporation. Or without this, power in the president to contract for a corporation may be inferred from a course of dealing, or it may ratify his acts. The management of the business of a corporation may be entrusted to its president by express resolution of the directors, or by their acquiescence in a long course of dealing." *Potts-Thompson Liquor Co.* v. *Potts*, 135 *Ga.* 451, 460 (3, 4) (69 S. E. 734); *Newton* v. *Social Circle Cotton Mill Co.*, 174 *Ga.* 320, 322 (162 S. E. 667); *Taylor* v. *Friedman Co.*, 152 *Ga.* 529, 531 (110 S. E. 679); *Bank of Lenox* v. *Webb Naval Stores Co.*, 171 *Ga.* 464, 468-470 (156 S. E. 30); *Brown* v. *Bass*, 132 *Ga.* 41 (63 S. E. 788); *Hart* v. *Doss Lumber Co.*, 32 *Ga. App.* 314, 316 (123 S. E. 751). "An instrument executed in the name of a corporation by its president and *under the seal of a corporation* [italics ours] is presumed to have been executed by its authority, but this presumption is rebuttable." *Blakely Artesian Ice Co.* v. *Clarke*, 13 *Ga. App.* 574 (2, 5), 577-579 (79 S. E. 526); *Brown* v. *Bass*, supra; *Cannon* v. *Gorham*, 136 *Ga.* 167 (3) (71 S. E. 142, Ann. Cas. 1912C, 39); *Augusta Land Co.* v. *Augusta Ry. Co.*, 140 *Ga.* 519 (2), 523, (79 S. E. 138); *American Investment Co.* v. *Cable Co.*, 4 *Ga. App.* 106 (4), 111 (60 S. E. 1037). The contract in the in-

stant·case not being under seal, so as to import authority in its president to execute it in the name of the corporation, and there being neither evidence of express or implied power in such officer for such execution, nor evidence showing any ratification by or estoppel against the corporation, the admission in evidence of the contract over the objection of the defendant was error. The evidence and lack of evidence as to the president's authority demanding a finding for the defendant on that issue as raised by the answer, the judgment for the plaintiff was contrary to law; and the superior court, upon these grounds of exception, should have sustained the defendant's certiorari and remanded the cause to the municipal court for a new trial. See also *Brooke* v. *Cartersville Chero-Cola Co.*, 23 *Ga. App.* 671 (99 S. E. 150); 14A C. J. 414, 416 (§§ 2262, 2264). *Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 8, 1934.

*Craighead & Craighead, Dwyer & Dwyer, William C. Henson,* for plaintiff in error.

*McElreath & Scott, J. Lon Duckworth,* contra.