25619. ODELL *v.* WESSINGER.

DECIDED NOVEMBER 28, 1936. REHEARING DENIED DECEMBER 10, 1936.

*H. C. Holbrook,* for plaintiff in error.
*McElreath, Scott, Duckworth & Duvall,* contra.

JENKINS, P. J.  ■  The provision of the Code, § 4-213, that a "broker's commissions are earned when .. . he procures a purchaser ready, able, and willing to buy, and who actually offers to buy, on the terms stipulated by the owner," is "applicable to a case where the procured purchaser first obtains an option to purchase, and subsequently within the specified time, exercises the option by electing to purchase, and gives an unconditional notice

thereof to the optionor. In such a case the broker's right to commissions does not accrue until the option has been exercised. When, however, the option has been exercised, his right of action is complete." *Snead* v. *Wood,* 24 *Ga. App.* 210 (2), 216 (100 S. E. 714). Where a contract of lease contains also an option to the lessee to purchase the property at a price and upon terms as stated, "at any time during the time this lease is in effect," with an agreement by the lessor owner to pay to the broker a commission of five per cent. of the purchase-price "in the event this option is exercised," and where, before the expiration of the lease, the lessor and lessee extend it for an additional six months, within which time the option is exercised and a deed is made, the lessor will still be liable to the broker for the agreed commissions, just as if the option had been exercised during the original term of the lease. The facts that the lessor at the instance of the lessee executed the deed to the wife of the lessee, that the deed recited a consideration of less than the contract amount, and that all cash instead of part-cash and part-time payments was paid to the lessor, would not relieve him of liability, where under the evidence he was the real party at interest throughout the transaction or was jointly interested with his wife, and where the lessor, on his own initiative and without consultation with the broker, completed the transaction by accepting all of the consideration in cash, and the amount thus paid, after crediting the past-paid rentals and the option payment, as provided by the contract, actually exceeded the purchase-price stated in the contract. Even if, as contended, the amount thus accepted by the lessor had been less than the agreed price, liability would not have been defeated. See *Odell* v. *Dozier,* 104 *Ga.* 203 (2), 204 (30 S. E. 813); *Bush* v. *Mattox,* 116 *Ga.* 42 (42 S. E. 240); *Gresham* v. *Connally,* 114 *Ga.* 906, 909 (41 S. E. 42); *Williams* v. *Selph,* 29 *Ga. App.* 38 (113 S. E. 245); *Graves* v. *Hunnicutt,* 8 *Ga. App.* 99 (68 S. E. 558); *Grove Realty Co.* v. *Adair,* 26 *Ga. App.* 220 (105 S. E. 735). Decisions to the effect that there must be an exercise of the option or a completion of the broker's services within the time limited by the contract, unless there is a showing of fraud or bad faith by the owner toward the broker by the owner's sale of the property to the prospective purchaser after the expiration of the contract time, are without application in the instant case, where the period of the contract was

extended by the lessor himself. See *Emery* v. *Atlanta Real Estate Exchange*, 88 *Ga.* 321 (14 S. E. 556), *Doonan* v. *Ives*, 73 *Ga.* 295, and *Morris* v. *Jackson*, 9 *Ga. App.* 848 (72 S. E. 444), where there was no such extension by the owner.

■ Where there is an agreement by an owner of property to pay commissions to a broker obtaining a lease with an option such as above described, if the lessee should exercise the option to buy while the lease is in effect, and the commissions are earned by the broker, there is not a "bare contingency or possibility" which can not be the subject of a sale or assignment, as provided by Code, § 96-102.

■ Under the preceding holdings, the evidence demanded a finding that the commissions sued for by the plaintiff as an assignee were earned by the original broker, which assigned its chose in action. Therefore any errors complained of in the court's charge relating to that question were harmless.

■ "Where the defendant, in compliance with the Neel act [Code, § 81-103], which requires him to admit or deny the paragraphs of the petition, categorically denies each paragraph, the separate denials will be regarded as distinct pleas only when the particular allegations denied are such that a simple denial thereof contains all the elements essential to a complete plea on the subject. . . If the basis of the action is a written contract alleged to have been executed by the defendant, the plaintiff need not prove the writing unless the defendant files a formal plea of non est factum under oath; hence a simple denial of a paragraph in which the execution of the instrument is alleged presents no distinct defense." *Crockett* v. *Garrard*, 4 *Ga. App.* 360 (2) (61 S. E. 552); Code, §§ 20-801, 81-405, 81-701. In a suit by an assignee on a written contract, where a paragraph of the petition alleges possession by the assignee of the instrument, and sets forth in terms a valid written assignment with a prima facie proper execution thereon, a mere general denial of such a "paragraph" will be construed as only a legal conclusion. To dispute the execution of the assignment, the denial should be as broad as the allegations of the assignment, with a specific attack upon the specifically alleged execution. See *National Grocery Co.* v. *Gee Go Wonder Soap Co.*, 30 *Ga. App.* 751 (2, 3) (119 S. E. 423); *Cottle* v. *Cole*, 20 Iowa, 481; *Richards* v. *Morris Canal Co.*, 18

N. J. L. 250; Fosdick *v.* Groff, 22 How. Pr. (N. Y.) 158. In a suit by an assignee on a chose in action, the fact of his ownership by assignment of the instrument must be proved, provided the averments of the petition relating to the assignment have been properly put in issue by the plea. But where, as in the instant case, the petition alleges ownership and possession of the instrument by the plaintiff assignee, and alleges in terms a written assignment valid on its face, and executed in the corporate name of the assignor by a proper officer, in the absence of any plea of forgery or of lack of authority of the officer to execute the assignment, a mere general statement in the answer, that the "defendant denies [the] paragraph . . of the petition" alleging such an assignment, must be construed as nothing more than a legal conclusion, and not as a denial of the alleged execution or of the authority of the corporate officer, and does not put the plaintiff on proof of such averments. As to the presumed validity of a corporate or other indorsement or assignment of a promissory note, in cases of negotiable instruments, see Code, § 20-805; *Sheffield v. Johnson County Savings Bank,* 2 *Ga. App.* 221 (2) (58 S. E. 386); *Cedar Rapids Nat. Bank* v. *Beckham,* 6 *Ga. App.* 571 (65 S. E. 359); *Mayfair* v. *Citizens Nat. Bank,* 43 *Ga. App.* 697 (2) (159 S. E. 892). Accordingly, the attack on the verdict in favor of the assignee of the contract to pay brokerage commissions, because there was no sufficient evidence of the execution of the assignment, is without merit.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*