29140. ROYAL MILLINERY CO. *v.* ELGIN HAT CO.

DECIDED MARCH 11, 1942.

*Harry M. Wengrow, Homer C. Denton,* for plaintiff.
*Dillon & Rose,* for defendant.

MACINTYRE, J. Elgin Hat Company Inc. (hereinafter referred to as the plaintiff) obtained a judgment in a court in New York against Royal Millinery Company Inc., a Georgia corporation (hereinafter referred to as the defendant), after appearance of and pleading by Morris Somers, in the suit in New York, as attorney for the defendant. Subsequently the plaintiff brought this suit against the defendant in the civil court of Fulton County upon this New York judgment and the judge, after hearing the evidence, rendered a judgment in favor of the plaintiff. The appellate division of the civil court affirmed the judgment, and the defendant excepted.

The plaintiff made a motion to dismiss the writ of error on the ground that it was not presented to the presiding judge in the appellate division for certification within fifteen days from the ruling complained of as provided under Ga. L. 1933, pp. 290, 293, 294, §§ 42 (b, g, h). The question thus presented was certified to the Supreme Court and in answer thereto the court held: "As respects cases tried in the civil court of Fulton County and appealed to the appellate division of said court, a bill of exceptions (for the purpose of review by the Court of Appeals or the Supreme Court) to a judgment of the appellate division of said court affirming the decision of the trial judge must be presented to the chief judge [presiding judge in the appellate division as provided by Ga. L. 1933, pp. 290, 294, § 42, g] of the appellate division of said court for certification within the time, from the rendition of the judgment complained of, provided for by law for presenting for certification bills of exceptions to judgments and orders of the superior courts, as prescribed by the Code, § 6-902." *Royal Millinery Co.* v. *Elgin Hat Co.,* supra. The bill of exceptions discloses that the judgment of the appellate division was rendered on April 24, 1941, and the bill of exceptions was presented to the presiding judge on May 19, 1941. Under the ruling of the Supreme Court as applied to the facts in this case the presentation was made within thirty days and thus within the time provided by law. The motion to dismiss is overruled.

On the trial the plaintiff introduced an exemplified copy of the pleadings and the judgment obtained in New York, showing that the attorney for the defendant in New York entered his appearance there for the defendant, pleaded a general denial, and called for a bill of particulars. The defendant contended that the evidence did not show that it employed counsel to appear in its behalf in the New York court, or that it had any knowledge that said suit was pending in said court.

In this State the rule with reference to appearance of attorneys at law is: "Prima facie, attorneys shall be held authorized to properly represent any cause they may appear in." Code, § 9-604. Justice Hines, speaking for the court, stated in *Edwards* v. *Wall,* supra: "In this State no warrant of attorney is required by its laws, or the practice of its courts, to entitle an attorney to appear for a party litigant either in the trial or appellate court; and the

strong presumption arises from his appearance that he is authorized to appear and to act for the client whom he assumes to represent, he being an officer of the court, being guilty of contempt of court and subject to a fine if he appears for a person without being employed, and being liable in damages for any loss or injury sustained by a person who gave him no authority to represent him." See also *Workingmien's Union Association* v. *Reynolds,* 135 *Ga.* 5, 7 (68 S. E. 697) ; *Lester* v. *McIntosh,* 101 *Ga.* 675 (29 S. E. 7). But the defendant, in its brief, contends that the "knowledge of presumption of authority when counsel appears for a party in the courts of the State of Georgia, do not apply in foreign jurisdictions or the defendant corporation had no agent or place of business and the court had no jurisdiction of the defendant corporation." The defendant relies on *Taylor* v. *Friedman Co.,* 152 *Ga.* 529, 530 (110 S. E. 679), and in its brief quotes from that case the following : "The mere presence in the State of New York of Taylor, the president of the Georgia corporation, which was not doing business in the State of New York, did not have the effect of bringing the corporation into the latter State, so as to subject it to the jurisdiction of. the courts there. The presence of the agent of the corporation upon whom service of process was sought to be effected was not the equivalent of the presence in the State of the foreign corporation itself."

The general rule as to the appearance of attorneys in a cause is : "Where the record of a judgment of another State recites that defendant appeared by attorney, this furnishes prima facie evidence that the appearance was authorized, and will support the jurisdiction unless controverted. But it is not conclusive evidence that the attorney was authorized so to appear, and defendant may prove that the appearance was unauthorized or fraudulent, and consequently that there was no jurisdiction over him." 34 C. J. 1148, § 1626. But in this case the defendant in the foreign suit and the defendant in the trial court in this State was a Georgia corporation, and was thus, as it related to the suit in New York, a foreign corporation. "In order that a judgment against a foreign corporation may be entitled to recognition in other States, it is necessary and sufficient either that the corporation [1] consent to, or [2] waive objections to lack of, jurisdiction, or [3] that it shall be doing business within the State so as to be subject to the juris-

diction of the courts thereof generally" (34 C. J. 1149, § 1627), as provided by the laws of force in the State where the suit on the foreign judgment is brought. The case relied on by the defendant (*Taylor* v. *Friedman Co.*, supra) comes under the third subdivision of the rule as stated above, whereas the instant case comes under the second subdivision, and the phase of the rule as it relates to waiver of jurisdiction is well stated as follows: "In an action on a foreign judgment rendered by a court of general jurisdiction, he who would escape the binding effect of the judgment on the ground of lack of jurisdiction must prove that jurisdiction did not in fact exist. If the record shows an appearance by an attorney, the defendant bears the burden of introducing evidence to show that the attorney acted without authority." 31 Am. Jur. 353, § 859.

The exemplification of the record shows the appearance of the defendant in the trial court in New York. Neither the exemplification nor the other evidence shows that the attorney for the defendant in the foreign court acted without authority. The exemplification of the record of the foreign court showing an appearance by the attorney of the defendant and the filing of the pleading by him, the defendant must bear the burden of introducing evidence to show that the attorney acted without authority. There was no evidence in the record to show that the defendant carried this burden, and the appellate division of the civil court did not err in affirming the judgment in favor of the plaintiff. *Shands* v. *Howell*, 28 *Ga.* 222, 226; *Aycock* v. *Williams*, 185 *Ga.* 585, 589 (196 S. E. 54); *Planters & Peoples Mutual Fire Asso.* v. *DeLoach*, 113 *Ga.* 802, 810 (39 S. E. 466).

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*