### 37216.  MORGAN v. HEMPHILL.

FELTON, Chief Judge.  A provision in a contract for the sale of realty which provides that, "The purchase price of said property shall be:  Fifty-two thousand dollars ($52,000), to be paid as follows:  Subject to terms of existing loan (which is approx. $30,000, and int. rate suitable to purchaser).  All cash to be paid above loan," is too indefinite and uncertain to identify any particular loan and fails to disclose the terms of payment of the purchase price and the contract, therefore, is unenforceable at law (*Morgan* v. *Hemphill*, 214 *Ga.* 555, 105 S. E. 2d 580), and a real-estate broker cannot recover for commissions alleged due him by the vendor named in the contract by virtue of the following provisions of the contract of sale:  "The real-estate broker negotiating this contract is made a party to this contract to enable broker to enforce his commission rights hereunder against the parties hereto on the following basis:  If sale is not consummated because of seller's inability, failure or refusal to convey marketable title, seller shall pay full commission to broker."  The contract being unenforceable between the named vendor and vendee, the provision quoted above referring to the broker's commission is likewise unenforceable as between the broker and the vendor.  *Brown* v. *White*, 73 *Ga. App.* 524 (37 S. E. 2d 213).

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed.  Quillian and Nichols, JJ., concur.*

DECIDED DECEMBER 2, 1958.

*Lucio L. Russo, J. Walter LeCraw,* for plaintiff in error.
*David Gershon, Isadore Ruden,* contra.