## 40789.  RAGSDALE v. SMITH.

Decided September 22, 1964—Rehearing denied October 15, 1964.

*Mitchell, Clarke, Pate & Anderson, Paul H. Anderson, Clarence H. Calhoun, Jr., Taylor W. Jones,* for plaintiff in error.

*B. P. Gambrell, James A. Branch, John Wesley Weekes,* contra.

JORDAN, Judge. The judgment under review in this case is the grant by the trial court of the defendant's motion for summary judgment in an action brought by the plaintiff for the recovery of a real estate commission.

The facts adduced in support of and in objection to the motion disclosed that in 1954 the defendant owned a farm in DeKalb County containing more than 600 acres of land and that on August 21, 1954, the plaintiff, a licensed real estate broker, and the defendant executed in writing an "exclusive sales agency contract" with respect to this property. This contract provided in part as follows: "In consideration of your agreement to list and endeavor to sell the property hereinafter described, the undersigned, being the owner thereof, hereby gives you the exclusive right and authority to sell the property hereinafter described, for a period of 30 days from the date of this instrument.

"I hereby further agree upon the considerations herein above mentioned, to pay schedule of charges and/or rates of commission covering such transactions, as is now in effect, whether such sale be made by you or me, or by any other person acting for me or in my behalf, upon the terms hereinafter mentioned, or any other terms acceptable to me; or if the property is afterwards sold within three (3) months from the termination of this contract, to a purchaser to whom it was submitted by us or you during the life of this contract."

The plaintiff began to work the property and interested the Georgia Industrial Realty Company in purchasing it. The com-

pany requested plaintiff to secure for it an option from the defendant to purchase the property; and on August 27, 1954, the defendant for a consideration of $100 paid to him by the company executed and delivered to the plaintiff an instrument granting to the company the right to purchase the property therein described at any time before noon on November 25, 1954, at a price of $350 per acre. The instrument provided that the defendant would pay to the plaintiff the regular 10 percent commission as established by the Atlanta Real Estate Board on farm property in the event of the exercise of the option. On October 1, 1954, the company in writing unconditionally accepted the defendant's offer contained in the option; but the defendant's attorney informed the company by letter several days later that the defendant took the position that the option of August 27, 1954 was invalid and advised that the defendant had decided not to sell his land.

The plaintiff then brought this suit for the recovery of his commission and the Georgia Industrial Realty Company brought suit against the defendant for specific performance of the contract, the plaintiff's suit being held in abeyance pending the adjudication of that action. The Supreme Court of Georgia in *Smith v. Ga. Industrial Realty Co.*, 215 Ga. 431 (111 SE2d 37), held that the contract of option was void and unenforceable because the description of the land contained therein was too indefinite and incomplete. Following that holding and upon the basis of it, the defendant filed his motion for summary judgment in this case which was granted.

The plaintiff contends that the judgment granting the defendant's motion for summary judgment is erroneous for the reason that he is entitled to a commission for his efforts in securing a would-be purchaser of the defendant's property by virtue of the contract of exclusive sales agency executed by the plaintiff and the defendant or, independently of that contract, by virtue of the provision in the contract of option executed by the defendant and the Georgia Industrial Realty Company. Under the record in this case neither theory of recovery is availing to the plaintiff.

■ The contract between the plaintiff and the defendant being

one of exclusive sales agency, its construction is controlled by the case of *Humphries & Jackson v. Smith*, 5 Ga. App. 340 (2) (63 SE 248), in which this court held: "Where the principal appoints, not a broker, but an exclusive sales agent, and agrees to pay a commission upon 'sales,' the agent is entitled to commissions only upon consummated sales, and not upon mere executory contracts." Since the record in this case discloses that no sale of the subject property was consummated within the life of the contract of exclusive sales agency, the plaintiff was not entitled to a commission under the terms of such contract.

The plaintiff and the defendant having entered into an express contract creating the relationship of exclusive sales agency, the provisions of *Code* § 4-213 are not applicable. This Code section embodies the implied obligation of a property owner to pay a commission to his broker when there has been a simple listing of the property with the broker, and is not applicable when the obligation to pay a commission has been expressly agreed upon; in such case the terms of the express agreement control. *Nutting & Co. v. Kennedy*, 16 Ga. App. 569, 570 (85 SE 767).

Nor is the case of *Hyams v. Miller*, 71 Ga. 608, applicable here. In that case the contract executed by the vendor and broker was not one of exclusive sales agency but merely created the ordinary relationship of principal and real estate broker; and as pointed out in *Humphries*, supra (1), the term "sales" in such contract implies the procurement of a purchaser who is ready, able and willing to buy on the terms proposed and it is not necessary that the sale be actually consummated as is the case when the contract is one of exclusive sales agency. Likewise, the cases of *Snead v. Wood*, 24 Ga. App. 210 (100 SE 714), and *Odell v. Wessinger*, 54 Ga. App. 838 (189 SE 367), are distinguishable from the instant case, as contracts of exclusive sales agency were not involved in those cases.

■ The plaintiff cannot recover independently of the exclusive sales agency contract by virtue of the provision for payment of a commission which was embodied in the option contract executed by the defendant and Georgia Industrial Realty Company, the would-be purchaser. Where the right of action by the plaintiff broker is based upon an agreement to pay a commission

contained in an alleged written contract for the sale of the defendant's property which is negotiated by the plaintiff with a third party, the liability of the defendant must be determined by the validity and effect of the written contract, *Adams Loan &c. Co. v. Dolvin Realty Co.*, 48 Ga. App. 183, 184 (2) (172 SE 606); and if the contract of sale between the vendor and vendee is unenforceable, the provision of such agreement providing for the payment of a commission to the broker by the vendor is likewise unenforceable as between the broker and the vendor. *Morgan v. Hemphill*, 98 Ga. App. 732 (106 SE2d 865); *Dunford v. Townsend*, 100 Ga. App. 550 (112 SE2d 14); *Brown v. White*, 73 Ga. App. 524 (37 SE2d 213).

The Georgia Supreme Court in *Smith v. Ga. Industrial Realty Co.*, 215 Ga. 431, supra, held that the option contract involved here was void and unenforceable because of insufficient description of the subject matter; and under the decision of this court in *Morgan v. Hemphill*, 98 Ga. App. 732, supra, the provision of that contract embracing the plaintiff's right to a commission from the defendant is likewise void and unenforceable and cannot constitute the basis of recovery by the plaintiff.

■ There being no genuine issue of material fact involved in this case, and the defendant being entitled as a matter of law to a verdict under the record adduced, it was not error for the trial court to grant his motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*