## 48556. WALLACE v. ADAMSON.

STOLZ, Judge. On certificate for immediate review, the defendant appeals from the judgment of the Superior Court of Clayton County denying his motions to dismiss the plaintiff's complaint on the grounds (1) that the complaint failed to state a claim against the defendant upon which relief can be granted and (2) that the contract for the sale of realty is invalid and unenforceable as a matter of law.

The suit in question is for real estate broker's fees alleged to be owed by the defendant to the plaintiff under a contract for the purchase of real estate allegedly entered into by the parties. Certain provisions of the contract are disputed. However, it is undisputed that the description of the land contained in the contract is as follows: ". . . all that tract of land Land lot 112 of the 5th dist. of Clayton County Ga. Being 36 Acers [sic] on New Hope Road." *Held:*

We need go no further than the attempted description of the land to be conveyed to determine the invalidity of the contract in question. "To constitute a valid contract, there must be . . . a subject matter upon which it can operate." Code § 20-107. "The test as to the sufficiency of the description of property contained in a deed [or option or contract] is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable." *Gainesville Midland R. Co. v. Tyner,* 204 Ga. 535, 538 (50 SE2d 108) and cit. ". . .[A] deed is sufficient to pass title, and will not be declared void for uncertainty of description, if the descriptive averments contained therein are certain, or if they afford a key by which the land can be definitely located by the aid of extrinsic evidence." Id., p. 537 (2) and cits. However, ". . . when its descriptive averments are so indefinite and uncertain that no particular tract or quantity of land is described thereby or

pointed out with certainty *by the instrument itself,* the description must be held defective and therefore insufficient to pass title." (Emphasis supplied.) *Smith v. Wilkinson,* 208 Ga. 489, 494 (67 SE2d 698) and cits. The same rules apply as to contracts for the sale of land. *Malone v. Klaer,* 203 Ga. 291 (1, 2) (46 SE2d 495) and cits.

Here, the description of the land contained in the contract is uncertain and no key is contained in the instrument which will "lead unerringly to the land in question." *Blumberg v. Nathan,* 190 Ga. 64, 66 (8 SE2d 374). Note also the cases cited in *Blumberg* giving examples of descriptions which contain a key, making otherwise defective descriptions sufficient. Since the contract here is void and unenforceable because of the insufficient description of the real estate, the provision of the contract relating to plaintiff's right to a commission from the defendant is void and unenforceable. *Ragsdale v. Smith,* 110 Ga. App. 485, 488 (138 SE2d 916); *Morgan v. Hemphill,* 98 Ga. App. 732 (106 SE2d 865).

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 5, 1973 — DECIDED OCTOBER 3, 1973.

*William R. L. Latson,* for appellant.