30824. BUSBIN v. SUBURBAN REALTY, INC.

UNDERCOFLER, Presiding Justice.

Certiorari was granted in this case to review the ruling of the Court of Appeals in *Suburban Realty, Inc. v. Busbin,* 136 Ga. App. 850 (222 SE2d 627) (1975). Division 1 of that opinion held that the language of the sale contract "contemplates an actual sale of the realty before the right to commission arises" and that the case fell within the ruling made in *Ragsdale v. Smith,* 110 Ga. App. 485 (138 SE2d 916) (1964). There is no assignment of error on this portion of the ruling in Division 1. See Rule 36 (c), Supreme Court (1975). Division 2 of the opinion holds that, "Even though a right to commission may be dependent upon the actual consummation of the sale, recovery is allowed where the consummation is prevented by the refusal or interference of the seller." Error is

assigned on Division 2 of the opinion. *Held:*

1. This case is controlled by *Ragsdale v. Smith,* 110 Ga. App. 485, supra, which holds that where an actual sale of the realty is necessary before the right to commission arises and the option contract between the property owner and a would-be purchaser is void and unenforceable, the provision in such contract for the payment of a commission is likewise void and unenforceable. Also *Wallace v. Adamson,* 129 Ga. App. 792 (201 SE2d 479) (1973). The cases of *Roberts v. Prater & Forrester,* 29 Ga. App. 245 (1) (114 SE 645) (1922); *Rowland & Rowland v. Kraft,* 31 Ga. App. 593 (121 SE 526) (1923); and *Broyles v. Haas,* 51 Ga. App. 374, 378 (180 SE 517) (1935), which hold that even though a right to commission may be dependent upon the actual consummation of the sale, recovery is allowed where the consummation is prevented by the refusal or interference of the seller, are not applicable where the contract is void and unenforceable.

The ruling made in Division 2 is therefore reversed.

2. The motion of Bessie W. Busbin alleging that she is the executrix of the will of her deceased husband and requesting that she be made a party on appeal is granted. Rule 30 (b).

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED MAY 5, 1976.

*Rupert A. Brown, George B. Brooks, Grady C. Pittard, Jr.,* for appellant.

*Gregory M. Perry,* for appellee.