### 56679. HOWINGTON et al. v. FARM & HOME REALTY, INC.

QUILLIAN, Presiding Judge.
Farm & Home Realty, Inc. brought this action in Jackson Superior Court against Roy Howington, Sara Belle Howington and Burrell Taylor. The complaint alleged that the plaintiff was a licensed real estate broker who entered into a real estate listing agreement with the defendant Roy Howington; that the agreement authorized the plaintiff to seek a purchaser for the property described in the real estate listing agreement for a period of 90 days from June 9, 1975; that the defendant Burrell Taylor was a customer procured by the plaintiff through the efforts of plaintiff's sales agent; that plaintiff's agent showed the property to defendant Burrell Taylor; that the defendant entered into a private agreement whereby the defendant Burrell Taylor would purchase the property at a later time and the defendants would avoid payment to the plaintiffs of the commission earned by the plaintiffs. The complaint alleged that the

sale of the property took place on January 18, 1977 and sought recovery of the commission for the sale in the amount of 10% of the total value of the sale or $5,500.

The plaintiff and the defendant Roy Howington entered into the listing agreement on June 9, 1975. The listing agreement provided as follows: "For and in consideration of the promise of services to be rendered seller by agent, seller hereby gives Farm & Home Realty, Inc. exclusive right to sell the property described on reverse side hereof for a period of 90 days from 6-9-1975, and agrees to fully cooperate in its sale. In the event a valid contract is secured in compliance with the above price and terms or any other price or terms acceptable to seller by said agent, or directly or indirectly by seller, or any other person or upon withdrawal from the market during the term of this contract or if sold within ninety days after expiration of this agreement to party or parties to whom it was submitted by said agent prior to its expiration, seller agrees to pay said agent the regular sales commission of 10 percent." At the time the sales agreement was executed the defendant Roy Howington did not have title to the described property since on November 22, 1974 he had conveyed the property along with other lands to his wife, the defendant Sara Belle Howington. During the 90-day period which expired on or about September 7, 1975, the plaintiff did not obtain a buyer for the described property at the sale price specified in the agreement. However, during that time the plaintiff did show the property to the defendant Burrell Taylor.

On October 21, 1975, the defendant Sara Belle Howington entered into agreement with defendant Burrell Taylor whereby the property described in the listing agreement was leased to the defendant Taylor for the term of two years. The leasing agreement contained therein an option for the lessee to purchase the described property at any time during the term of the lease for the sale price of $60,000. Over a year later on January 18, 1977, the defendant Taylor exercised his option to purchase the described property and received a warranty deed from the defendant Sara Belle Howington in return for the purchase price of $55,000.

The case was tried before a jury which returned a

verdict for the plaintiff in the amount of $5,500. From the entry of the judgment on the verdict the defendant appealed. In this court two basic reasons are urged as to the invalidity of the verdict. 1. It is contended that the evidence failed to establish that the defendant Roy Howington was acting as an agent for his wife Sara Belle Howington and therefore the agreement could not be enforced by the plaintiff against the defendant. 2. It is contended that the listing agreement should not be enforced as to a transaction which occurred approximately 15 months after the expiration of the listing agreement and an additional 90 days provided in that agreement. *Held:*

Unless the listing agreement applied to the transaction which occurred in this case, the question of agency would not be material. Hence, we consider this issue first. In the case sub judice, no valid contract was secured within 90 days from June 9, 1975. We are therefore concerned with whether the property "sold within 90 days after expiration of the agreement to party or to parties to whom it was submitted by said agent prior to its expiration." Under the factual showing made, which is undisputed, a leasing agreement was entered into within the 90-day period and this leasing agreement did contain an option on the part of the lessee to purchase the property. However, a sale did not take place until well after the expiration of the second 90-day period.

In our construction of this contract the crucial word utilized is "sold." In *Neuhoff v. Swift & Co.,* 54 Ga. App. 651, 656 (188 SE 831), it is held " 'The word "sold" imports not a mere proposition to sell, but a consummated contract of sale.' " Accord, *Friedsam v. Sawan, Inc.,* 103 Ga. App. 500, 504 (119 SE2d 707). This is the basic rule. Nevertheless, "sale" has a broader meaning in those situations involving Code § 4-213.

A thorough discussion of the principles involved is found in *Humphries v. Smith,* 5 Ga. App. 340, 342 (63 SE 248) where it was held "The commissions were to be paid upon sales. The verb 'sell' and the noun 'sale' vary in meaning, according to the different contexts in which they are used. Ordinarily a sale is an executed contract — a completed transaction binding on seller and buyer alike.

In contracts creating the relationship of principal and real-estate broker, however, a different meaning is generally given by construction. The broker 'sells' when he finds a purchaser ready, able, and willing to buy on the terms proposed by the principal." In that same decision, it is noted that where the plaintiffs were not employed in ordinary capacity of brokers but were exclusive sales agents "they were entitled to commissions only upon actual executed sales, and not upon executory contracts of sale." Under the circumstances of that case it was found that upon the giving of an option which was not consummated until after the time provided in the agreement had expired then the plaintiffs were not entitled to commission for the sale of the property. Thus, where there is an exclusive sales agency the sale of the property must be consummated within the life of the contract. *Ragsdale v. Smith,* 110 Ga. App. 485, 488 (138 SE2d 916).

As was recognized in *Humphries v. Smith,* 5 Ga. App. 340, 343, each contract by which one employs another to sell real estate must be construed according to its particular stipulations. Here as in *Kenney v. Clark,* 120 Ga. App. 16, 18 (169 SE2d 357), the parties have fixed by agreement the length of time after the termination of the agency during which the broker has a right to insist upon his commission. The contract in question provided during the first 90-day period that a commission would be due when a valid contract is secured. As to the next 90-day period after the expiration of the contract it provided for commission only if the property were sold. We take this as a clear indication that it was not contemplated that a contract would be sufficient during the second 90-day period. However, even if we construed it to mean that entering into a valid contract for the sale of the property was sufficient, here that did not occur but instead only an option agreement was entered into. Under those circumstances the property was not "sold" within 90 days after the expiration of the agreement. That being true it was unenforceable against the defendants and the verdict for the plaintiff cannot be sustained.

*Judgment reversed. Webb and McMurray, JJ., concur.*

ARGUED OCTOBER 16, 1978 — DECIDED DECEMBER 1, 1978 — REHEARING DENIED DECEMBER 19, 1978 — 

*Davis, Davidson & Hopkins, Jack S. Davidson, Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellants.

*J. Eddie Benton, James Horace Wood,* for appellee.