A07A2438. HILL v. BOOZER et al.

(658 SE2d 268)

BARNES, Chief Judge.

Real estate agents Wesley and Alison Boozer sued real estate broker James Hill, Jr., d/b/a Real Estate North, for breach of contract, alleging that Hill failed to pay them real estate commissions owed under their independent agent agreements. The Boozers subsequently moved for summary judgment. The trial court granted the motion in part, and Hill appeals. For reasons that follow, we reverse.

Summary judgment is appropriate when the evidence, viewed favorably to the nonmovant, demonstrates that no genuine issues of material fact remain and the moving party is entitled to judgment as

a matter of law. See *Morgan v. Richard Bowers & Co.*, 280 Ga. App. 533, 534 (634 SE2d 415) (2006). Construed in this manner, the record shows that the Boozers are both licensed real estate agents. In September 2003, Alison Boozer entered into an independent contractor agreement with Hill's brokerage firm, Real Estate North, to sell properties at the newly developed Huntington Park subdivision. Hill's firm hired Wesley Boozer to assist in the sales effort in June 2004, and he executed a separate independent contractor agreement.

The Boozers worked under these contracts until March 16, 2005, when Hill terminated their services. Thereafter, they sought commissions on several sales that they allegedly secured on behalf of Real Estate North. Hill denied any liability to the Boozers, asserting that he had fully paid all commissions owed under the independent contractor agreements.

The Boozers moved for summary judgment with respect to commissions on six Huntington Park lots. The trial court found that questions of fact remained regarding Hill's liability for commissions on several sales. As to lots 27, 29, and 35, however, it granted the Boozers' motion for summary judgment.

To support their claim for commissions on these transactions, the Boozers offered evidence that they acted as sales agents for lots 27, 29, and 35. Alison Boozer wrote the contract for lot 29, and she procured a $1,000 reservation payment from the purchaser, who also testified that Alison served as the agent. The purchaser of lot 35 similarly testified that the Boozers were the sales agents for his transaction and worked on the deal for approximately two months. The record further shows, however, that the sales of these three lots closed after Hill terminated the Boozers, and Hill wrote the purchase contracts for lots 27 and 35.

Citing the Boozers' work on the three transactions, the trial court found that they were the "procuring cause" for the sales and thus entitled to the claimed commissions. See *D. R. Horton, Inc.-Torrey v. Tausch*, 271 Ga. App. 511, 513 (1) (610 SE2d 151) (2005) (under the "procuring cause" doctrine, a broker is entitled to a real estate commission "as soon as she finds a ready, able, and willing buyer"). The procuring cause doctrine, however, does not apply when an express contract establishes the conditions under which a commission is to be paid. Id.; *O'Brien's Irish Pub v. Gerlew Holdings*, 175 Ga. App. 162, 164 (2) (332 SE2d 920) (1985). And as even the Boozers admit, express contracts governed the parties' relationships here.

The independent contractor agreements between the Boozers and Real Estate North set forth a definite rate of commission payable to the Boozers. The agreements also provided:

In the event that this contract is terminated, [the sales agent's] share of any commission (in accordance with the current commission schedule) on any transaction where funds are not yet collected, shall, upon receipt of funds, be paid by [Real Estate North] to the [agent]. However, if said transactions require additional work normally rendered by [a sales agent], [Real Estate North] may perform the required work . . . and deduct from [the sales agent's] share of the commission the reasonable value of said work as may be determined in the sole discretion of [Real Estate North].

The Boozers have not challenged the validity of these contracts. In fact, they claim that the contracts obligated Real Estate North to pay them commissions. Moreover, by their clear terms, the contracts "control[led] the conditions under which real estate commissions [were] to be paid." *D. R. Horton*, 271 Ga. App. at 513 (1). Given these circumstances, the trial court erred in granting the Boozers summary judgment based on the procuring cause doctrine. See id.; *Ragsdale v. Smith*, 110 Ga. App. 485, 488 (1) (138 SE2d 916) (1964).

The Boozers also argued below that the terms of the independent contractor agreements authorized summary judgment. We disagree. As specified by the agreements, the Boozers earned a commission once Real Estate North collected or received a commission payment at closing. Because the sales on lots 27, 29, and 35 closed *after* Hill terminated the Boozers, commissions had not yet been earned at the time of termination. And although the Boozers were contractually entitled to their "share" of commissions arising from post-termination sales, genuine issues of material fact remain regarding the amount of this share.

To support their claims, the Boozers offered evidence regarding their work on the sales of these lots. But they did not participate in the closings, and Hill prepared two of the three sales contracts. Viewed favorably to Hill, the record shows that Real Estate North undertook at least *some* of the work that culminated in the closings on lots 27, 29, and 35. Moreover, Real Estate North was authorized to deduct from the Boozers' commissions the reasonable value of any post-termination work it performed to complete the sales.

The Boozers have not established that such work lacked reasonable value or would not support a reduction in commission payment. They also have not shown that, as a matter of law, they were entitled under their contracts to the full sales commission for these properties. Accordingly, the trial court erred in granting them summary judgment. See *D. R. Horton*, 271 Ga. App. at 512 (1) (" 'Each contract by which one employs another to sell real estate must be construed according to its particular stipulations.' ").

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 25, 2008.

*Busch & Reed, Chad K. Reed, John D. Stuart*, for appellant.
Alison P. Boozer, *pro se.*
H. Wesley Boozer, *pro se.*